**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **ECARDLESS BANCORP, LTD.,** | |
| Plaintiff, | Civil Action No. 7:22-cv-00245-ADA-DTG |
| v. | |
| **PAYPAL, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**PLAINTIFF'S MOTION TO STRIKE**
**DEFENDANT'S UNTIMELY MOTION TO TRANSFER**

Plaintiff eCardless, Bancorp, Ltd., ("Plaintiff" or "eCardless") respectfully moves to strike Defendant Paypal Inc.'s ("PayPal") untimely Motion to Transfer to the Northern District of California (the "Motion")(Doc. No. 39). This motion to transfer was not only unreasonably delayed but PayPal filed it after refusing to meet and confer in good faith.

On November 23, 2022, this lawsuit was filed in the Midland-Odessa Division. Some ***282 days***[1] – *nine-and-a-half months* – after the Complaint was filed, PayPal finally filed its Motion to Transfer. Further, Defendant's Motion was filed 38 days after PayPal emailed this Court seeking "improper legal advice" on whether it could file a transfer motion. Today, Defendant filed its opening claim construction brief. Doc. No. 40. In three weeks, Plaintiff files its responsive brief. *Id.* The *Markman* hearing is November 8, 2023. *Id.* In fact, the filing date of Defendant's Motion to Transfer is 81% of the way to the hearing (282 ÷ 350) from the Complaint.

As shown, this case was referred to Judge Gilliland for all pretrial matters on April 28, 2023 (Doc. No. 31) and then reassigned to Judge Albright on June 9 (Doc. No. 33). Even assuming that the reassignment to Judge Albright was a fresh start on all deadlines, PayPal had to file the Motion (at the absolute latest) no later than August 4, 2023. However, inexplicably, despite emailing the Court on July 25, 2023, Paypal waited until the day before the Labor Day weekend – 38 days later, and 28 days after August 4 – to notify Plaintiff and file its Motion, all without filing a Motion for Leave to File. Further, the Motion was filed 82 days after the case was assigned to this Court and the Court's OGP was indisputably in effect. PayPal's prejudicial delay was done notwithstanding that its counsel, Winston & Strawn, runs a legal blog, WacoWatch, which "delivers information and analysis on Judge Alan Albright, his important decisions, his procedures, and emerging trends related to patent litigation in the Waco Division of the Western District of

[1] All date calculations do not include the end date.

Texas." https://www.winston.com/en/blogs-and-podcasts/wacowatch (last visited September 6, 2023).

Moreover, Paypal filed its Motion without a good faith effort to meet and confer. Defendant emailed Plaintiff on the morning of September 1 (the Friday of Labor Day weekend) stating for the first time that PayPal intended to file its Motion. Notwithstanding eCardless's lead counsel traveling (due to the upcoming holiday) and being unavailable by phone, PayPal refused to delay its filing until the next business day so that the parties could meet and confer, asserting that "***there is no order requiring compliance with any of Judge Albright's Orders Governing Proceedings in this case***."[2] Ex. 1 (emphasis added). Paypal had previously raised the possibility of filing a potential motion during a claim construction meet and confer on July 25 in which PayPal stated it was uncertain whether it would file a venue-related motion.

Further, eCardless pointed out that there were options to discuss as potential compromises on the transfer issue, including potential transfers to Austin, San Antonio, or Waco. As pled in the complaint, in a prior case, PayPal stipulated to an intra-district transfer to Austin, Texas "for the convenience of the parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(b)." (339 Action, Doc. No. 27). Nonetheless, even though PayPal had first raised the idea of filing a Motion to Transfer out of order weeks earlier, it refused to wait until the next business morning to meet and confer, and (finally) rushed to file its Motion.

If PayPal's Motion is allowed to proceed, Plaintiff will be forced to expend vast amounts of time on venue discovery and well as briefing and arguing PayPal's tardy filing. The Parties are in the midst of claim construction briefing, and *Markman* is only sixty-three days away. Even if PayPal were to immediately and fully comply with venue discovery such that no extension were

[2] PayPal says the OGP does not apply but looks to the OGP in its July 25 email to the Court.

required, the ten-week venue discovery provided for under Part V of the OGP would expire on November 10 – two days *after* the claim construction hearing. Further, this ignores the fact that Plaintiff's Responsive Brief on Venue would be due two weeks later, on November 24 (the day after Thanksgiving). Defendant's Reply Brief would be due December 8 – one month after *Markman*. In fact, such a delay would likely impact the December 2, 2024 trial date. Given the Federal Circuit's guidance that venue should be addressed prior to *Markman*, and the fact that PayPal's late filing prevents this from happening in even the best circumstances, PayPal's Motion should be rejected out of hand before requiring Plaintiff to divert its time and resources away from claim construction and other actions rightfully addressed at this stage of the case.

Importantly, as set forth below, Plaintiff will incur substantial prejudice by allowing PayPal to flout this Court's scheduling rules. If the Motion is allowed to proceed, Plaintiff will be forced to focus more on venue now than substantive issues like *Markman*. Defendants who intentionally filed this Motion late, however, likely have this "doubling up" built into their internal schedule.

Further, the cost of venue discovery and briefing due to PayPal's delay would be higher than had PayPal filed at the proper time. Specifically, the process of Plaintiff opposing Defendant's Motion now would be at least $100,000-150,000 more expensive than had Defendant filed their Motion within the guidelines of this Court. Decl. of E. Robinson at ¶12. This is due to inefficiencies associated with shifting attorneys to this issue with higher rates. *Id.* Further, eCardless would not be able to defend PayPal's transfer motion now as efficiently or easily as it could have had the Motion been filed in a timely manner. *Id.* This exacerbated cost is highly prejudicial. Had PayPal filed earlier in the case when it should have, then these issues could be addressed at a more reasonable pace with more efficiency and less cost.

If allowed to remain pending, the Motion will require venue discovery, briefing, and a ruling prior to *Markman*, interfere with the parties' resources dedicated to *Markman* briefing and the *Markman* hearing itself, with the ultimate result of delaying the trial date. The Court should not allow PayPal—which intentionally delayed filing its Motion—to so severely prejudice eCardless with an untimely motion.

PayPal's decision to file its Motion without seeking leave, without meeting and conferring, and without establishing good cause for failing to timely file the Motion would severely prejudice Plaintiff if allowed to proceed. The Motion should be dismissed on its face for failure to seek leave when the deadline for filing has passed, for inexplicable delay that would cause severe harm, and because Defendant refused to meet and confer. The Court should not allow PayPal—which intentionally delayed filing the Motion—to so severely prejudice eCardless, and the Court, with an untimely motion.

**Background**

1. eCardless filed its complaint on November 23, 2022 which named PayPal Holdings, Inc. and PayPal, Inc. as Defendants. (Doc. No. 1).[3]

2. The Defendants were served on December 12, 2022 (Doc. No. 5).

---

[3] As pled in the complaint, in "previous patent cases in this District" PayPal, Inc. did not contest venue. (Doc. No. 1 at ¶ 28) (citing *PayPal, Inc. v. RetailMeNot, Inc.*, 6:20-cv-00339-ADA, Doc. No. 29, August 1, 2020 (the "339 Action"). In the 339 Action, PayPal stipulated to an intra-district transfer to Austin, Texas "for the convenience of the parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(b)." (339 Action, Doc. No. 27). PayPal acknowledged this fact in its Motion to Dismiss filed February 17, 2023 (Doc. No. 19 at 5-6) yet waited ***another near seven months*** to contest venue in this Action with its Motion to Transfer filed September 1, 2023 (Doc. No. 39).

3. Venue was first raised on February 17, 2023 – 196 days before PayPal's Motion – when PayPal Holdings, Inc. moved to dismiss for failure to state a claim and improper venue under 28 U.S.C. § 1400 and PayPal, Inc. moved to dismiss for failure to state a claim (Doc. No. 11). The parties resolved PayPal Holdings, Inc.'s motion by agreement, and jointly moved to dismiss without prejudice on March 14, 2023 (Doc. No. 22).

4. On April 28, 2023, the scheduling order was entered (Doc. No. 32) and this case was referred to Magistrate Judge Gilliland for all pretrial matters (Doc. No. 31).

5. On June 9, 2023, this case was reassigned to Judge Albright (Doc. No. 33). Other important dates are shown in the chart below (Doc. No 35):

| Date | Event |
|---|---|
| November 23, 2022 | Compliant filed |
| February 17, 2023 | Contested Motion to Dismiss filed by Defendant |
| March 14, 2023 | Joint Motion to Dismiss PAYPAL HOLDINGS, INC. filed |
| April 27, 2023 | Joint Proposed Scheduling Order filed |
| April 28, 2023. | Case referred to Judge Gilliland |
| June 9, 2023 | Case reassigned to Judge Albright |
| June 16, 2023 | Joint Motion to extend Scheduling Order |
| July 25, 2023 | Defendant emailed the Court asking whether it can file a Motion to Transfer |
| July 26, 2023 | M&C regarding "request to amend Defendant's disclosures of claim terms"—the parties discussed untimeliness of any Motion to Transfer |
| September 1, 2023 | Defendant emailed eCardless expressing its intent to file a Motion to Transfer and filed the Motion |
| September 6, 2023 | Defendant's opening claim construction brief |
| November 8, 2023 | *Markman* Hearing |
| November 8, 2024 at 1:30pm | Final Pretrial Conference |
| December 2, 2024 at 8:00am | Jury Selection/Trial |

6. On July 25, 2023, counsel for PayPal emailed this Court the following:

> This case was originally filed November 11, 2022 [sic 22] in the Midland Odessa division, but Judge Counts, whose standing order does not include a deadline for filing a motion to transfer, transferred the matter to Judge Albright on June 9, 2023. The parties are set to exchange proposed claim constructions next week,



HOU5143558.1

> August 2. **<u>Can you please let us know whether PayPal may still file a motion for inter-district transfer despite the earlier deadline in the OGP</u>**?

Ex. 1 (July 25, 2023 email from B. Shelton to the Court's chambers) (bold and underlined added).

7. eCardless's counsel objected to any such filing, noting, among other things, that: (1) PayPal did not meet and confer before making the email request to the Court, (2) any such filing would interfere with the *Markman* hearing, (3) setting aside any OGP, PayPal's motion was severely delayed, and (4) at a minimum, Paypal should file a motion for leave and explain why it waited so long to file a motion for inter-district transfer. *See id.* (July 25, 2023 email from E. Robinson to the Court's chambers).

8. The Court's clerk admonished the parties and explained that such email traffic to the Court was "seeking improper legal advice." *See id.* (July 26, 2023 email from Court's chambers to counsel of record). The Court further stated that "the parties can file whatever motion they deem appropriate, and the Court will address it in due course." *Id.*

9. The next day, July 26, 2023, the parties had a meet and confer regarding certain claim construction disclosure issues unrelated to venue. During that telephone call, PayPal's counsel, unprompted, brought up the issue regarding the motion to transfer and the communication with the Court. Declaration of E. Robinson, ¶¶4-9. Counsel for PayPal stated that they had not decided whether they would file the Motion to Transfer in light of the Court's response. *Id.* Counsel for PayPal stated that the delay in filing the Motion to Transfer was due to the fact that ***it took nearly eight months for PayPal to realize that the Northern District of California would be more convenient for PayPal***. *Id.* at ¶7 (emphasis added).

10. Counsel for Plaintiff responded that if it took PayPal eight months to determine which venue was more convenient in this matter—as PayPal's counsel represented—then venue discovery would likely be burdensome and would prejudice the Markman hearing and the trial

setting. *Id.* at ¶8. Counsel for PayPal did not provide any proposals to mitigate this prejudice or otherwise preserve the Markman hearing, but instead emphasized that PayPal had not determined what it would do in light of the Court's communication. *Id.* at ¶9. No further communications were had between the Parties on this subject until September 1, 2023.

11. Almost six weeks after this exchange, on September 1, 2023 (the Friday before Labor Day), PayPal's counsel emailed eCardless's counsel that: "PayPal intends to file its motion for inter-district transfer as suggested by [the Court's chambers] below. We understand from your July 25 email the eCardless opposes." *Id.* (September 1, 2023 email from R. Kang to E. Robinson).

12. Lead counsel for eCardless was traveling but immediately noted eCardless's objection and that, again, at a minimum a motion for leave should be filed. *Id.* (September 1, 2023 email from E. Robinson to R. Kang); Declaration of E. Robinson at ¶11.

13. In its September 1 communication, PayPal's counsel contradicted PayPal's earlier email to the Court and ***for the very first time contended that this Court's OGP did not apply to this proceeding*** so no motion for leave was necessary (emphasis added). Defendant's statement to Plaintiff that "there is no order requiring compliance with any of Judge Albright's Orders Governing Proceedings in this case" (Ex. 2 September 1, 2023 email from R. Kang to E. Robinson) directly conflicts with the premise of PayPal's July 25 communication to the Court saying, "[c]an you please let us know whether PayPal may still file a motion for inter-district transfer despite the earlier deadline in the OGP?" (Ex. 2, July 25, 2023 email from B. Shelton to the Court's chambers).

14. Also on September 1, 2023, PayPal's counsel refused to meet and confer with lead counsel for Plaintiff over the issue, demanding that Plaintiff meet and confer on the Friday before Labor Day with only a few hours of notice. Ex. 2 (September 1, 2003 Email Chain Between Counsel). Lead counsel for Plaintiff stated that he was not available due to travel (related to the

upcoming holiday) but would be available anytime after 10:00am on the next business day. *Id.* Counsel for Plaintiff then communicated to PayPal that a meet and confer should be had because there were possibilities to discuss to compromise venue without a motion, such as Austin or Waco, or to stipulating to trial before Magistrate Judge Gilliland. Ex. 2, September 1, 2023 Email from Danielle Healey to Robert Kang. Paypal ignored this communication and filed without taking the time to discuss. Notwithstanding waiting 282 days after the Complaint to file its Motion, PayPal refused to meet and confer after the holiday, and filed its Motion. Had PayPal provided ***any*** advanced notice of its intention to file the Motion to Transfer at any time other than the day that it intended to file the motion, that meet and confer might have been scheduled. Decl. of E. Robinson at ¶11.

15. After being apprised that Plaintiff would file the instant motion to strike, and after close of business—the Friday before Labor Day weekend—PayPal filed its Motion for Transfer (Doc. No. 39).

16. The *Markman* briefing began today, September 6, 2023, and the *Markman* hearing is set for November 8, 2023 (Doc. No. 35).

## Discussion

***The Motion is untimely under even the most PayPal-friendly reading of the OGP***. The Court's OGP "governs proceedings in all patent cases pending before [Judge Albright] . . . and takes effect upon entry in all patent cases, except where noted." OGP 4.3 at p. 1 (entered April 4, 2023). The OGP requires that, for all cases filed after March 7, 2022, motions to transfer may be filed:

> **within 3 weeks** after the CMC or **within 8 weeks** of receiving or waiving service of the complaint, whichever is later. Thereafter, a movant must show good cause for any delay and seek leave of court.

OGP 4.3 at p. 5 (emphasis added).

Both those deadlines had long expired by the time Judge Albright was assigned this case on June 9, 2023. If PayPal wished to file a motion to transfer after the Court was assigned (which still would have been almost *seven months* after being served), then the proper course would have been for PayPal to file a motion for leave, showing good cause for its delay. In fact, PayPal knew it needed this Court's leave to file an out-of-time motion to transfer once the Court was assigned to the case, which is why PayPal's counsel – without contacting Plaintiff – emailed the Court in late July (*already* 46 days after this case was assigned to Judge Albright) asking whether it could file an untimely motion "despite the earlier deadline in the OGP". Ex. 1 (July 25, 2023 email from B. Shelton to the Court's chambers). After being instructed to stop emailing the Court and instead to file an "appropriate" motion—which, *under the OGP, would have been a motion for leave establishing good cause for its delay*—PayPal inexplicably waited ***another*** six weeks after its email to the Court to file its Motion – all without any explanation for its original delay or its further delay.

Even if one granted PayPal the friendliest reading of the OGP—using the longest time period in the OGP (8 weeks instead of 3) and the latest start date (the date this Court was assigned instead of the date of service), then PayPal's motion is still untimely, because it should have filed its Motion no later than August 4, 2023 (i.e., 8 weeks after this Court was assigned and a month before this Motion was actually filed).

***The Motion is untimely regardless of the Court's OGP***. Even if PayPal's argument that the Court's OGP does not apply to this lawsuit is accepted, PayPal's Motion is still untimely and

prejudicial. This Court has stated specifically that "late-filed motions to transfer are looked upon with extreme disfavor." *WSOU Invs. LLC v. Arista Networks, Inc*., No. W-20-CV-01083-ADA, 2021 WL 6015526, at *5 (W.D. Tex. Nov. 5, 2021), citing *ATEN Int'l Co. v. Emine Tech. Co*., 261 F.R.D. 112, 126 (E.D. Tex. 2009). "Particularly, parties should not delay filing of a motion to transfer." *Id.* (internal quotations and citations omitted). "As the Federal Circuit noted, the Fifth Circuit stated that parties seeking a change of venue should act with reasonable promptness." *Id.* (internal quotations and citations omitted). This Court, explaining that it was "wary" of a seven-month filing delay in a prior case, collected cases that found motions to transfer were not filed with reasonable promptness when filed five-to-nine months after the case commenced. *See id.* (collecting cases).

Here, PayPal was served on December 12, 2022 (Doc. No. 5). Nine months after is August 12, 2022. PayPal did not file its motion until September 1, 2023 (Doc. No. 39). It thus filed its motion to transfer later than even the latest-filed case noted in *WSOU Investments*. *See WSOU Invs. LLC*, 2022 WL at *5. PayPal's motion is thus unreasonably delayed and untimely regardless of whether the OGP governs this dispute.[4] Further, the same prejudice applies.

***PayPal offers no excuse for its delay, and the delay severely and quantitatively prejudices eCardless.*** PayPal offers no excuse for its delay, and the circumstances surrounding its untimely filing indicate that PayPal has no excuse. This is not a situation in which venue was in the back of Defendant's mind. Specific to this case, PayPal's parent corporation (PayPal Holdings, Inc.) filed a motion to dismiss for improper venue under 28 U.S.C. § 1400 in February 2023 (Doc. No. 17). The upshot is that PayPal and its counsel knew at the outset that they needed to determine whether

[4] The OGP makes it abundantly clear that it does apply as the very first line states that "This OGP governs proceedings in ***all patent cases pending before the undersigned or Judge Derek T. Gilliland*** and takes effect upon entry in all patent cases."

this forum was convenient for trial, and, if it thought not, file a timely transfer motion ***at that time***. PayPal did not do so.

Instead, PayPal waited until almost ten months after being served, almost three months after this Court was assigned, over a month from its email to the Court to seek an advisory legal opinion, and just two business days before *Markman* briefing to file this Motion. The timing of their motion is plainly suspect—PayPal filed this Motion the Friday before a holiday weekend after over a month of silence. Further, that Motion was filed less than a week before PayPal filed its opening *Markman* brief to place Plaintiff on the clock to respond in just a few short weeks with its own *Markman* briefing. The timing places significant and unneeded expenses and costs on Plaintiff. Due to the extreme delay, if PayPal is allowed – with no explanation – to file its Motion outside the timelines of the OGP, Plaintiff must in parallel review PayPal's untimely Motion to Transfer (which purportedly took PayPal the better part of a year to investigate and draft), craft venue discovery requests, and litigate any discovery issues with PayPal's responses *while responding to* their *Markman* briefing, deposing any claim construction expert PayPal may deploy, and formulating its own substantive evidence to claim construction.[5] This smacks of a sharp litigation tactic designed to prejudice Plaintiff by laying in wait with transfer to split Plaintiff's attention.

Of course, if PayPal had sought leave first to file its motion as required by the OGP, counsel might have explained *why* there was such extreme delay in filing this motion, *why* despite all objective facts to the contrary the ten-month delay was genuine and in good faith. Their refusal to do so, only amplifies that the purpose is untoward. And regardless of whether they concoct a rationale in response to this instant motion, the Court should view any explanation now as highly

[5] Plaintiff will only learn today whether Defendant has in fact retained such an expert.

suspect. Had Defendant done – as Plaintiff urged and as the OGP requires – filed a motion for leave, Plaintiff and this Court might have some inkling of the basis for PayPal's sloth. But because PayPal flouted this requirement by the Court, Plaintiff has been forced to file a motion to strike.

Importantly, there would be a quantitative negative impact upon Plaintiff if PayPal were to be rewarded for its litigation tactic of flouting this Court's basic rules. Lead counsel for this case states that the process of opposing Defendant's Motion now would be at least $100,000-150,000 more expensive than had Defendant filed their Motion within the guidelines of this Court. Decl. of E. Robinson at ¶12. This is due to inefficiencies associated with shifting attorneys to this issue with higher rates and differing experience levels. *Id.* Further, eCardless would not be able to defend PayPal's transfer motion now as efficiently or easily as it could have had the Motion been filed in a timely manner. *Id.* Specifically, because defending against transfer at this time would require balancing claim construction along with venue discovery, briefing, and hearing. Further some of the attorneys that my firm uses for venue transfer issues will be tied up not just on claim construction in this case, but also in other cases. Although this is not a unique problem to parties, law firms, or attorneys in general, it is a fact and would adversely impact Plaintiff despite the fact that the only party to blame for the intentional delay in filing the Motion to Transfer is Defendant. *Id.*

The prejudice is not just to Plaintiff, however—it also prejudices the Court's docket and the timely resolution of this case. PayPal is, of course, well aware that "once a party files a transfer motion, disposition of that motion should take top priority in the case." *In re Apple Inc.*, 979 F.3d 1332, 1343 (Fed. Cir. 2020). To that end, this Court's OGP notes that if a motion to transfer is not ruled before the *Markman* hearing, the *Markman* hearing will be postponed. OGP 4.3(VI), and the

Federal Circuit has made it abundantly clear that this Court should not issue a *Markman* ruling when a Motion to Transfer remains pending.

As a result, the practical effect of PayPal filing this motion 9 weeks before the *Markman* hearing is that the *Markman* hearing would need to be moved—and thus the trial date pushed back—if the Court were to entertain the Motion. *See* OGP 4.3(VI) (permitting at least 10 weeks of venue discovery and 28 days of briefing thereafter). Even if the *Markman* date were to somehow stay constant (so that Plaintiff would get less time for discovery and briefing), eCardless would still have to shoulder the onerous burden of conducting venue discovery while simultaneously engaging in *Markman* briefing. And if the *Markman* briefing was postponed to account for that burden, then the delay of the trial date would only be exacerbated. Moreover, as set forth below, had Paypal met and conferred in good faith, this matter might have been resolved by agreement, potentially by an intra-district transfer. Paypal's refusal to meet and confer in good faith shows that its motives are as much delay and disruption as transfer.

Finally, if the trial date were not moved (which itself would prejudice eCardless as the innocent party), Plaintiff would not have the necessary time under the Court's schedule to conduct substantive discovery and prepare for trial.

***The appropriate remedy is to strike the Motion***. Not only would allowing PayPal to simply go through the venue transfer process be prejudicial quantitatively and qualitatively, but it would render the Court's OGP meaningless. Either there are rules, or there are not. If PayPal can flout these rules for its advantage, then other parties will be encouraged to do so as well. It is important that Plaintiff not be forced to go through an expensive and time-consuming venue contest process that will now by any measure take more time than the Court's schedule allows. PayPal should not be rewarded by pushing off substantive dates such as *Markman* and trial due either to its own sloth

or litigation strategy in contravention of the Court's basic rules and schedule. This should not just be a factor in deciding venue. Rather, this Court should uphold its OGP and schedule and nip this untimely Motion in the bud.

Trial courts have inherent powers to manage their dockets, which includes striking filings that fail to comply with pretrial orders. *See, e.g.*, *Bennett v. Hartford Ins. Co. of Midwest*, 890 F.3d 597, 603 (5th Cir. 2018). Courts have stricken motions for being untimely, as well as failing to follow mandatory meet and confer rules. The remedy eCardless seeks—striking the Motion—is admittedly discretionary. But the Court should exercise its discretion and do so here. Regarding timing, PayPal failed to comply with even the most generous reading of the OGP, and its Motion was nevertheless filed with unreasonable delay under the case law. A potential compromise might have been reached had it conferred with Plaintiff. Further, PayPal flouted the OGP again by not seeking leave to file its Motion. And as for equities, on the one hand, PayPal offered no reason it should benefit from its tactics; while, on the other, eCardless will be severely prejudiced if the Motion remains pending. The equities thus favor eCardless, too.

***The Failure to Meet and Confer with Lead Counsel is an Independent Basis to Strike this Motion.*** As set forth above, even though they had waited ten months to file their motion to transfer, PayPal's counsel refused to postpone filing by one business day to meet and confer with Plaintiff's lead counsel over the telephone. Ex. 1. PayPal's counsel was informed that there were grounds to discuss alleviating prejudice or possibly compromising the issue or at least understanding *why* there was now an additional 38 days of delay from the last time the parties had talked regarding the topic. *Id.* Even if the Court was inclined to allow PayPal, without leave or explanation, to file its motion to transfer outside the time limits of the OGP and in spite of the clear

trainwreck that this motion will create with *Markman*, PayPal counsel's affirmative choice to refuse a meet and confer with lead counsel for Plaintiff should be fatal to their motion.

Moreover, the Court should be aware that there was no practical ability for Plaintiff to meet and confer with Defendant on the day of filing on the topic. The last communication between the Parties was July 26, 2023, where PayPal counsel stated that they had not decided whether they would file the instant motion. Declaration of E. Robinson ¶11. Without waiving privilege, the Court may appreciate that PayPal's July 26 "nebulous" position was the last one communicated to the counsel's client, eCardless Bancorp Ltd. Even if lead counsel was available to meet that Friday before Labor Day to discuss the issue—and undersigned counsel was not—there was no way to run PayPal's new position by the client or discuss alternatives with the client the day before a holiday weekend. The Court should surmise that PayPal's insistence on filing is because it was never interested in having a meet and confer over the topic.

This is an independent basis to strike the motion beyond the untimeliness in the OGP.

**Conclusion**

The Court should strike PayPal's Motion to Transfer to the Northern District of California.

Dated: September 6, 2023

Respectfully submitted,


*/s/ Erick S. Robinson*
**SPENCER FANE LLP**
Erick S. Robinson, Lead Counsel
Texas Bar No. 24039142
Patrick M. Dunn
Texas Bar No. 24125214
816 Congress Avenue, Suite 1200
Austin, TX 78701
Telephone: (713) 212-2638
Fax: (713) 963-0859
erobinson@spencerfane.com
pdunn@spencerfane.com

Brian Medich (Admitted W.D. Tex./
D.C. Bar No. 1671486)
Danielle J. Healey
Texas Bar No. 9327980
Spencer Fane LLP
3040 Post Oak Blvd, Suite 1300
Houston, TX 77056
Telephone: 713-212-2676
Fax: 713-963-0859
bmedich@spencerfane.com
dhealey@spencerfane.com

Kevin S. Tuttle (Admitted W.D. Tex./
Missouri Bar No. 59320)
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: (816)474-8100
Fax: (816)474-3216
ktuttle@spencerfane.com

**COTTON BLEDSOE TIGHE & DAWSON, PC**
David W. Lauritzen
Texas Bar No. 00796934
dlauritzen@cbtd.com
Bradley H. Bains
Texas Bar No. 01553980
bbains@cbtd.com
Midland, TX 79701
Telephone: (432)897-1440

Fax: (432)682-3672

***Attorneys for Plaintiff eCardless Bancorp, Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the clerk of this Court, and was served on the 6th day of September, 2023 via ECF on all parties of record.

*/s/ Erick S. Robinson*
Erick S. Robinson

**CERTIFICATE OF CONFERENCE**

I hereby certify that lead counsel for Plaintiff met and conferred today, September 6, 2023, over the telephone with counsel for PayPal and advised PayPal regarding the substance of the Motion to Strike and this Emergency Motion to Shorten Time. Defendant opposes both motions.

*/s/ Erick S. Robinson*
Erick S. Robinson