**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **ECARDLESS BANCORP, LTD.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PAYPAL, INC.,**<br><br>**Defendant.** | CIVIL ACTION NO. 7:22-cv-245-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS PAYPAL, INC.'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SHORTEN TIME FOR RESPONSE, EXPEDITE HEARING AND CONSIDERATION ON MOTION TO STRIKE**

eCardless provides no legal authority, either under the local rules or precedent, for its "emergency" motion to expedite PayPal's time to respond to eCardless's Motion to Strike PayPal's motion for interdistrict transfer (Dkt. 41). Even if it could cite some authority, eCardless's motion for an expedited briefing schedule does not come close to meeting any reasonable standard for the good cause required to grant "emergency" briefing. While neither the Western District's Local Rules nor Judge Albright's Order Governing Proceedings – Patent Cases include a specific rule with respect to what constitutes an "emergency" for the purposes of briefing schedules, Eastern District of Texas Local Rule CV-7(1) is instructive:

> Emergency motions are only those necessary to avoid imminent, irreparable harm such that a motion pursuant to LOCAL RULE CV-7(e) to shorten the period for a response is inadequate. Counsel filing an emergency motion should ensure that … the motion clearly states the alleged imminent, irreparable harm and the circumstances making proceeding under LOCAL RULE CV-7(e) inadequate.

E.D. Tex. L.R. CV-7(l). *See also Cypress Lake Software, Inc., v. Samsung Elecs. Am. Inc.*, No. 6:18-cv-30-JDK, Dkt. No. 210 (E.D. Tex. June 4, 2019) (denying motion to expedite briefing on motion to strike where plaintiff's motion failed to meet the standard for emergency relief).

Indeed, wholly absent from eCardless's "emergency motion" is the identification of ***any imminent, irreparable harm*** that would befall eCardless if an expedited briefing schedule is not put into place. This is because no such harm exists. eCardless sets forth no urgency justifying this artificial deadline. Instead, eCardless complains of the timing of PayPal's motion for interdistrict transfer and the additional work it will need to carry out in venue discovery, without even attempting to describe any actual harm it will suffer if PayPal is permitted to respond in the standard 14 days under L.R. CV-7(d), on September 20, instead of the requested two (2) business days. eCardless's motion to expedite should be denied for this reason alone.

Furthermore, any possible harm to eCardless is easily remedied. PayPal is willing to agree to extend the time for eCardless to file its Reply brief. eCardless's claim construction brief is due September 27. Dkt. 35. To the extent that eCardless needs additional time to file its Reply so that it does not overlap with its preparation of its responsive claim construction brief—a circumstance that falls far short of an imminent, irreparable harm—PayPal is willing to agree to extend the time for eCardless to submit its Reply.

Accordingly, PayPal respectfully requests that eCardless's emergency motion to shorten the time for PayPal to respond to eCardless's Motion to Strike (Dkt. 41) to September 8, 2023, be denied.

Dated: September 8, 2023

Respectfully submitted,

By: */s/ Barry K. Shelton*

Barry K. Shelton
TX State Bar No. 24055029
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Robert N. Kang
CA State Bar No. 274389
RKang@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

**ATTORNEYS FOR DEFENDANT PAYPAL, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of September, 2023, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

*/s/ Barry K. Shelton*
Barry K. Shelton