**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| ECARDLESS BANCORP, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PAYPAL, INC.,<br><br>Defendant. | CIVIL ACTION NO. 7:22-cv-245-ADA-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>[redacted] |

**DEFENDANT'S MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(A)**

[redacted]

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 1

A. PayPal's Relevant Witnesses and Evidence are Located in California, Chicago, and Israel ..... 3

B. Plaintiff Has No Connection to this District, and its Witnesses and Evidence are Located Outside Texas ..... 4

III. LEGAL STANDARDS ..... 5

IV. ARGUMENT ..... 6

A. Venue and Jurisdiction Are Proper in the Northern District of California ..... 6

B. The Balance of Public and Private Factors Favors Transfer ..... 6

1. The Availability of Compulsory Process to Secure the Attendance of Witnesses ..... 6

2. Cost of Attendance for Willing Witnesses ..... 7

a. The Northern District of California is more convenient for PayPal witnesses ..... 8

b. Plaintiff's identified witnesses are not material or relevant ..... 8

c. The Northern District of California is more convenient for Plaintiff's witnesses ..... 13

3. Relative Ease of Access to Sources of Proof ..... 13

4. Local Interests in Having Localized Controversies Decided at Home ..... 14

5. All Other Factors are Neutral ..... 14

V. CONCLUSION ..... 15

[redacted]

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alacritech Inc. v. CenturyLink, Inc.*,
No. 2:16-CV-00693, 2017 WL 4155236 (E.D. Tex. Sept. 19, 2017)........................................9

*In re Apple Inc.*,
979 F.3d 1332 (Fed. Cir. 2020)........................................14

*In re Apple*,
581 F. App'x 886 (Fed. Cir. 2014)........................................7

*In re Genentech, Inc.*,
566 F.3d 1338 (Fed. Cir. 2009)........................................7, 8, 9, 14

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023)........................................15

*In re Google LLC*,
No. 2021-178, 2021 WL 5292267 (Fed. Cir. 2021)........................................14

*In re HP Inc.*,
2018 WL 4692486 (Fed. Cir. Sep. 25, 2018)........................................7

*Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*,
321 F.2d 53 (5th Cir. 1963)........................................5

*In re Juniper Networks, Inc.*,
14 F.4th 1313 (Fed. Cir. 2021)........................................15

*In re Paxton*,
60 F.4th 252 (5th. Cir. 2023)........................................12

*Remmers v. United States*,
2009 WL 3617597 (E.D. Tex. Oct. 28, 2009)........................................15

*True Chem. Sols., LLC v. Performance Chem. Co.*,
No. 7-18-CV-00078-ADA, 2021 WL 860009 (W.D. Tex. Mar. 8, 2021)........................................9

*In re TS Tech*,
551 F.3d at 1319........................................5

*In re Volkswagen AG*,
371 F.3d 201 (5th Cir. 2004)........................................5, 8, 14

[redacted]

*In re Volkswagen of Am., Inc.*,
545 F.3d 304 (5th Cir. 2008) ....................6, 15

**Statutes**

28 U.S.C.§ 1400(b) ....................6

28 U.S.C. § 1404(a) ....................1, 5, 8

[redacted]

## I. INTRODUCTION

Defendant PayPal respectfully moves this Court to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Plaintiff eCardless Bancorp, Ltd. ("eCardless") brought this action against PayPal, Inc. ("PayPal") alleging infringement of four expired patents related to methods for authorizing online purchases. Plaintiff does not allege it has any connection to this District, much less its chosen venue of the Midland-Odessa Division. Nor could it—eCardless has no connection to the Western District of Texas, and the cost and convenience of willing witnesses for ***both parties*** favor transfer. PayPal's investigation of the accused functionalities identified nine current PayPal employees involved in the design and development of the accused functionalities; seven reside in San Jose, one in Chicago, and one in Tel Aviv. In its Complaint, Plaintiff attempts to manufacture venue by listing 28 PayPal employees and 14 former employees in the ***Austin*** area, over 300 miles away from the Midland courthouse, but a cursory inspection of these individuals' job titles and functions reveals that they have no material relevant information regarding the accused functionalities. Because four of the eight private and public interest factors favor transfer and the remaining four are neutral, PayPal respectfully requests that the Court exercise its power pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Northern District of California.

## II. FACTUAL BACKGROUND

On June 9, 2023, Judge Counts transferred this case to the docket of U.S. District Judge Alan Albright. Dkt. 33. The parties exchanged proposed claim terms for construction on July 19, 2023, proposed claim constructions on August 2, and extrinsic evidence on August 9. The *Markman* hearing is set for November 8, 2023. Dkt. 35.

eCardless asserts four patents against PayPal: U.S. Patent Nos. 7,599,862 ("the '862 patent") and 7,599,863 ("the '863 patent"), 9,202,206 ("the '206 patent"), and 9,785,942 ("the

[redacted]

’942 patent”). The ’862 and ’863 patents are in one patent family (“the ’862 Family”), and the ’206 and ’942 patents belong to a separate family (“the ’206 Family”). The ’862 Family patents expired on November 8, 2021 (Compl. ¶¶ 31, 36), and the ’206 Family patents expired on September 20, 2020 (Compl. ¶¶ 41, 46[1]).

eCardless alleges that PayPal infringes the ’862 Family by using the “Checkout” feature. *See* Kang Decl. Ex. E[2] at 8 (“[t]he PayPal Checkout icon displayed on the merchant website initiates building the customer order file…”); Ex. F at 8 (same). Specifically, the asserted claims of the ’862 Family recite, *inter alia,* “communicating between the customer computer and bank computer via the internet to provide at least one customer order variable not provided to the merchant.” ’862 Patent (Dkt. 1-2) at Claim 1, Col. 50:63-65; ’863 Patent (Dkt. 1-3) at Claim 1, Col. 51:1-3. eCardless alleges PayPal servers are the “bank computers,” and identifies API (Application Programming Interface) calls that merchants invoke using PayPal’s SDKs (Software Development Kits) to pass “Required Variables” to PayPal’s servers as satisfying these limitations. Ex. E at 6-7, 9, 12; Ex. F at 6-7, 9, 12.

For the ’206 Family, eCardless alleges that PayPal infringes by performing location-based transaction authorization by using location information obtained from the GPS sensor of PayPal users’ devices. *See, e.g.*, Ex. G at 8 (“PayPal’s system accesses GPS location information… of the customer computer device as part of conducting the payment transaction. The GPS location information is obtained from a GPS sensor of the customer computer device, such as one found on a mobile computer device.”); Ex. H at 8 (same). Plaintiff further alleges that PayPal’s server “uses customer computer device GPS information obtained and stored in the past,” which is allegedly

[1] eCardless incorrectly alleges the ’942 patent expired on November 15, 2021.
[2] All references to Exhibits herein refer to the exhibits to the declaration of Robert N. Kang, filed concurrently.

[redacted]

"compared with customer device location information received during conducting a payment transaction to verify whether the user's present account activities are carried out from an authorized location." Ex. G at 9.

### A. PayPal's Relevant Witnesses and Evidence are Located in California, Chicago, and Israel

PayPal is headquartered in San Jose, California. Krantz Decl. at ¶ 3. PayPal employs approximately 4,000 permanent employees in the San Jose and San Francisco areas of California. *Id.* The PayPal engineers that develop and maintain the accused functionalities reside outside of Texas. For the '862 Family, [redacted] the PayPal SDKs identified by eCardless, and are knowledgeable on the types of variables and content of information passed via API calls between the customer application, merchant web site, and PayPal's servers. In particular, [redacted] is responsible for the PayPal Orders API cited in Plaintiff's infringement charts. *See, e.g.*, Exs. E and F at 12; *see also* Krantz Decl. ¶ 23. Messrs. [redacted] are located in San Jose, CA, and [redacted] is located in Chicago, IL. *Id.*

For the '206 Family, [redacted] for the Risk platform, which assesses transactions for fraud risk based on multiple signals, including device location. Krantz Decl. ¶ 19. [redacted] is located in San Jose, CA. *Id.* Additionally, [redacted], are responsible for the [redacted]. *Id.* ¶ 20. Each of Messrs. [redacted] are located in San Jose, CA. *Id.* [redacted], also located in San Jose, is the [redacted] Global Money Send

[3] [redacted] is no longer employed by PayPal. Krantz Decl. ¶ 23.

[redacted]

Platform, and is the most knowledgeable about the circumstances in which user devices such as mobile iOS and Android devices [redacted]. *Id.* ¶ 21. Finally, [redacted] are responsible for [redacted]. *Id.* ¶ 22. [redacted] is located in Tel Aviv, Israel, and [redacted] is located in San Jose. *Id.*

The Complaint alleges that venue in the Western District of Texas is proper based on the presence of 28 PayPal employees and 14 former PayPal employees in the District, relying on their LinkedIn profiles to show they reside in or near Austin, Texas. Compl. ¶¶ 16-28. eCardless provides no explanation of the relevance of each of these employees beyond the implausible allegation that each of these 42 individuals is one "that Plaintiff plans to call at trial." Compl. ¶¶ 20, 21, 22, 23, 24, 25, 26, 27. Nor could it—as discussed in Section IV.B.2.b below, these individuals have no involvement in the design and development of the accused functionalities.

### B. Plaintiff Has No Connection to this District, and its Witnesses and Evidence are Located Outside Texas

Plaintiff eCardless Bancorp, Ltd. is a Washington Corporation with its principal place of business located in Spokane, Washington. Compl. ¶ 1. The principals of eCardless Bancorp, Ltd., named inventor Randy D. Sines, Donald Miller, and Maryanne Snyder, all reside outside of Texas. *See* Exs. A-D. Not once in Plaintiff's complaint does it allege that it has ***any*** witnesses or sources of proof in Midland-Odessa, or even the Western District of Texas. Indeed, eCardless's evidence and witnesses are all located outside of Texas. Randy D. Sines, the remaining living inventor of the Patents-in-Suit, resides in Tuscon, AZ. Exs. B, I. Donald Miller and Maryanne Snyder, listed as "governors" of Plaintiff, reside in Mesa, AZ and Spokane, WA, respectively. Ex. C at 1, 5; Ex. D at 1, 4. And the attorneys who prosecuted the '206 Family reside in Minneapolis, MN. Exs. J,

[redacted]

K. Finally, eCardless's website lists Richard H. Newman of Newman Law on its contact page. Ex. L. Richard H. Newman is located in Las Vegas, Nevada. Ex. M.

## III. LEGAL STANDARDS

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). Section 1404(a) requires a two-part determination. The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I"*). Once that threshold inquiry is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I,* 371 F.3d at 203; *In re TS Tech,* 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I,* 371 F.3d at 203; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304 at 314–15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315.

[redacted]

## IV. ARGUMENT

PayPal respectfully submits that the Court should transfer this case to the Northern District of California. When balancing the relative convenience between the two venues, the Northern District of California is clearly more convenient relative to the Western District of Texas. Venue is proper in the Northern District of California, and four of the private and public interest factors favor transfer there, while none of the factors weigh against transfer.

### A. Venue and Jurisdiction Are Proper in the Northern District of California

Venue for the claims is governed by patent venue statute 28 U.S.C.§ 1400(b), which provides that a patent action "[1] may be brought in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C.§ 1400(b). Here, the Northern District of California satisfies the second prong of Section 1400(b). PayPal is headquartered in San Jose, and therefore has a regular and established place of business in the Northern District of California. The acts of infringement alleged in Plaintiff's complaint relate to the Checkout service and location-based risk assessment. These services are hosted by PayPal's 11 North American data centers—none of which are located in Texas—and primarily developed at its San Jose headquarters and used by customers in the Northern District of California. Krantz Decl. ¶ 24. Therefore, the Northern District of California is a proper transferee venue under Section 1400(b).

### B. The Balance of Public and Private Factors Favors Transfer

Four of the private and public interest factors favor transfer: the availability of compulsory process for third-party witnesses, the cost of attendance and convenience for willing witnesses, the relative ease of access to sources of proof, and the local interest in having localized interests decided at home.

#### 1. The Availability of Compulsory Process to Secure Witness Attendance

[redacted]

This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)). "[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sep. 25, 2018).

The '206 Family of patents relate to authorizing a transaction, or authenticating a customer or merchant, based on location information obtained from the GPS sensor of the customer/merchant device. *See, e.g.*, '206 patent (Dkt. 1-4) at Claim 1, Col. 66:15-19 ("wherein the positioning location includes position data obtained from a GPS sensor of the customer computer device."); '942 patent (Dkt. 1-5) at Claim 1, Col. 67:32-35 (same). [redacted]. Krantz Decl. ¶ 20. These APIs/services are provided by Google and Apple, who are within the subpoena power of the Northern District of California, but likely are not within the subpoena power of the Midland court. To the extent that Google and Apple witnesses relevant to the Location API or Core Location service work in their Austin campuses, those campuses are located over 300 miles from Midland; each of those witnesses would likely incur a substantial expense if commanded to attend trial in Midland. Exs. N, O. Thus, this factor weighs heavily in favor of transfer.

### 2. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in the transfer analysis." *In re Genentech*, 566 F.3d at 1343 (citation and quotation omitted). "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is

[redacted]

more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–05.

**a. The Northern District of California is more convenient for PayPal witnesses**

As discussed in Section II.A, PayPal's witnesses who are most directly responsible for the design, development, and maintenance of the accused functionalities overwhelmingly reside in the Northern District of California. Seven of the nine witnesses PayPal has identified with relevant knowledge reside in San Jose. It is undisputable that it is far more convenient, and far less expensive, for these witnesses to attend trial in San Jose rather than Midland.

For the remaining two witnesses, [redacted], it would also be more convenient to travel to San Jose than Midland-Odessa. The shortest flight from Tel Aviv to Midland requires two stops and entails 20 hours of flight time. Ex. P. By contrast, there is a 15-hour direct flight from Tel Aviv to San Francisco (a thirty-minute drive from San Jose). Ex. Q. Critically, Messrs. [redacted] may work from PayPal's San Francisco office or San Jose headquarters during trial, whereas it is over a five-hour drive from Midland-Odessa to the closest PayPal office in Austin. Ex. R.

**b. Plaintiff's identified witnesses are not material or relevant**

Plaintiff attempts to establish venue by crawling LinkedIn profiles for Austin-area PayPal employees and former employees with no explanation of their relevance to the case. "The Court should consider all potential ***material and relevant*** witnesses" when analyzing this factor. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236 at *16 (E.D. Tex. Sept. 19, 2017).[4]

---

[4] Even assuming that these individuals are relevant to this litigation, the Northern District of California, particularly San Jose, is still far more convenient for these witnesses than Plaintiff's

[redacted]

Despite Plaintiff's conclusory allegations that the individuals it identified are "important members" of "strategic … teams" that work on "strategic … issues"—repeated seven times in its Complaint—these individuals have no relevance to the issues in this case, and appear to have been selected purely for the purpose of supporting venue in this district. The contrived nature of Plaintiff's identification of witnesses is no better demonstrated than by its inclusion of four PayPal ***in-house patent counsel*** as witnesses "that it intends to call at trial." Compl. ¶ 21. eCardless articulates neither how these PayPal attorneys are relevant to this litigation, nor what non-privileged information Plaintiff could possibly hope to obtain from them. "While a court should not consider the significance of identified witnesses' testimonies, it should consider whether the witnesses may provide materially relevant evidence." *True Chem. Sols., LLC v. Performance Chem. Co.*, No. 7-18-CV-00078-ADA, 2021 WL 860009, at *4 (W.D. Tex. Mar. 8, 2021) (citing *In re Genentech,* 566 F.3d at 1343).

Likewise, Plaintiff does not explain why it intends to call marketing and risk/compliance employees or former employees[5] to trial, what information such individuals might possess, or what marketing or risk/compliance issues are relevant to this litigation. Compl. ¶¶ 25-26.

The other "trial witnesses" identified by Plaintiff are similarly irrelevant to this litigation—none of the witnesses currently work on the accused functionalities. For example, Shawn Catoe works on [redacted] Similarly, Soriyany Keo is an iOS software engineer under the Identity Platform

chosen venue, Midland-Odessa. While there is a single one-hour direct flight from Austin to Midland per day (Kang Decl. Ex. O), Austin-based witnesses still will be unable to work from any PayPal office while attending trial in Midland.

[5] *E.g.,* [redacted] who is no longer employed with PayPal.

[redacted]

[redacted]. Krantz Decl. ¶ 15. eCardless's infringement contentions relate to processing a transaction initiated at a merchant web page (*i.e.*, via a browser), which is separate from the iOS mobile application. *See, e.g.,* Ex. E at 8. Mustafa Erwa [redacted]. [redacted] does not relate to Checkout or location-based fraud assessment. Krantz Decl. ¶ 10. Rama Kolli works for the Cloud platform team, [redacted]. *Id.* ¶ 5. Satish Nekkalapudi works on the PayPal Wallet [redacted]. *Id.* ¶ 8. Patrick Weaver, Akshay Bhaskaran, Corey Zimmerman (who resides in Dallas), and Nayana Teja Talluri work in the ***Enterprise*** Cyber Security business unit, which is unrelated to both merchant communications during Checkout and location-based fraud assessment. *Id.* ¶¶ 6, 11, 13 16. Specifically, Mr. Bhaskaran [redacted], Mr. Weaver [redacted], and Ms. Talluri [redacted]. *Id.* ¶¶ 6, 11, 13 16. Vijaychandar Viswanathan works in "SRCE – Site Reliability and Cloud Engineering", [redacted]. *Id.* ¶ 14. Matt Edelman [redacted]

[redacted]

[redacted]. *Id.* ¶ 9. Jyothi Srirangam [redacted]. *Id.* ¶ 7.

Furthermore, several employees identified by Plaintiff are or were[6] apex witnesses with no knowledge or responsibility in the engineering design or operation of any product. For example, John Kim is an Executive Vice President who oversees the entirety of consumer and merchant product teams. Michelle Chance is a Vice President of Developer Productivity Engineering (DPE). Kurt Campisano is a Senior Vice President in charge of Global Sales, and Meghan Matthews is Vice President of Global Communications—their groups do not serve any engineering function. Robert Hurst is a Vice President for Global Financial Crime and Customer Protection. Mark Lavelle was Senior Vice President of Corporate Development and New Ventures over eight years ago—the Corporate Development group does not serve any engineering function. Brent Bellm has not worked at PayPal for over 13 years, and was a Vice President of Global Product. Even were the Court to deem depositions of these apex witnesses necessary[7], each of these members of executive management are or were uninvolved in the design and implementation of any PayPal functionality, including the accused functionalities.

Plaintiff also relies on the LinkedIn pages of 14 ***former*** PayPal employees in this District but fails to even allege that they can provide material, relevant testimony. Several of these witnesses have not worked at PayPal in nearly a decade. For example, Mr. Leddy left PayPal in

[6] Mark Britto is no longer in the Executive Vice President and Chief Product Officer role at PayPal. According to his LinkedIn, he ceased employment at PayPal in December 2022.

[7] Before requiring apex deposition testimony, "courts must consider (1) the deponent's high-ranking status; (2) the substantive reasons for the deposition; and (3) the potential burden the deposition would impose on the deponent." *In re Paxton*, 60 F.4th 252, 258 (5th. Cir. 2023). A key aspect of this analysis is whether the information sought can be obtained from other witnesses. *Id*. Apex testimony is justified only in the "rarest of cases." *Id*.

[redacted]

September 2014. Likewise, Terence Spielman left PayPal in 2012. John Lehr similarly has not worked at PayPal since April 2013. Gregor Moulton was a User Experience (*i.e.*, U.I.) director who has not worked at PayPal since November 2012. Avery Kadison was a Director for Point-of-Sale (*i.e.*, an in-person transaction unrelated to the purported technology of the asserted patents) Risk Strategy who has not worked for PayPal since May 2013. Finally, Attaullah Baig left PayPal in May 2015. It is simply implausible that these former employees have relevant information related to the accused functionalities as they have been implemented for the past six years; all but two of the former employees Plaintiff includes in its Complaint had left PayPal before 2016.

The remaining former employees Plaintiff identifies worked in groups unrelated to the accused functionalities. Rashmi Prakash left PayPal in July 2021, but did not work on the accused functionalities while at PayPal. Ms. Prakash's LinkedIn profile cited in the Complaint makes clear that Ms. Prakash was "responsible for providing architecture and design for building an ***extended set of capabilities*** within the Payments Platform," such as the "Consumer Credit Portfolio and Open Banking." Compl. ¶ 27, n. 39. None of the descriptions in Ms. Prakash's LinkedIn remotely relate to merchant communications during Checkout and location-based fraud assessment. Similarly, Chad Oliver, who left PayPal in April 2019, worked [redacted]. Finally, although Billy Runyan left PayPal in March 2019, Mr. Runyan worked for the CIO (Chief Information Officer) organization. Similar to the Enterprise Cyber Security business unit, the CIO group [redacted].

At bottom, the Complaint's lengthy recitation of "witnesses" at most demonstrates Plaintiff's proficiency with LinkedIn's search function; there are no factual allegations that any of

[redacted]

these witnesses possess any relevant information. The Court should give Plaintiff's transparent attempt to manufacture venue no weight, and weigh this factor heavily in favor of transfer.

#### c. The Northern District of California is more convenient for Plaintiff's witnesses

It is unsurprising that Plaintiff does not identify any of its own witnesses in the Complaint—all of them reside closer to the Northern District of California than its own chosen venue. The remaining living inventor, Mr. Sines, and one of the governors of eCardless, Maryanne Snyder, both reside in Tucson, Arizona. The shortest flight between Tucson and San Francisco is 2 hours and 16 minutes (Ex. S); the shortest flight between Tucson and Midland is 3 hours and 57 minutes. Ex. T. Furthermore, Plaintiff's patent prosecutors are located in Minneapolis, MN—a minimum of 4 hours and 39 minutes from Midland (Ex. U); flight time to either San Francisco or San Jose approximately 40 minutes shorter. Exs. V, W. Finally, Plaintiff's attorney Richard Newman is located in Las Vegas, which is significantly closer to the Northern District of California than Midland. Exs. X, Y.[8]

### 3. Relative Ease of Access to Sources of Proof

This factor favors transfer. "'In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.'" *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (quoting *In re Genentech*, 566 F.3d at 1345). The physical and electronic documents, and document custodians, are in the Northern District of California. As discussed above in Section II.A, PayPal's document custodians reside overwhelmingly in the Northern District of California, and the documents were also created and maintained in San Jose. *In re*

[8] The shortest flights from Tucson to Austin is 3:51, and from Las Vegas to Austin is 2:35. Exs. Z, AA.

[redacted]

*Google LLC,* No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. 2021) (finding "the location of document custodians and the location where documents are created and maintained… may bear on the ease of retrieval."). Critically, no PayPal employees or document custodians reside in Midland-Odessa. Krantz Decl. ¶ 25. Plaintiff's physical documents and custodians are also more easily accessible from the Northern District of California—they will likely be located in Tucson, Arizona or Spokane, Washington, both of which are closer to the Northern District of California.

**4. Local Interests in Having Localized Controversies Decided at Home**

This factor heavily favors transfer. The Fifth Circuit has explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206. Thus, this factor analyzes the "factual connection" that a case has with both the transferee and transferor venues. *Id.* To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1319 (Fed. Cir. 2021). In this case, the design and development of PayPal Checkout and the PayPal risk platform leveraging location signal for risk assessment occurred at PayPal's headquarters and principal place of business in San Jose, California. Furthermore, both parties have no presence whatsoever in Midland-Odessa. *Remmers v. United States*, 2009 WL 3617597, at *7 (E.D. Tex. Oct. 28, 2009) (citing *Volkswagen II*, 545 F.3d at 315–18) ("When the chosen district has little or no factual nexus to the case, the plaintiff's choice of forum is less significant if other factors weigh in favor of a transfer.").

**5. All Other Factors are Neutral**

**Other Practical Problems:** This factor is neutral—there are no practical problems that will make trial of the instant case easy, expeditious, or inexpensive in either the Western District of Texas or the Northern District of California. Plaintiff has no other pending litigation, and PayPal's other cases in this District relate to different accused functionalities.

[redacted]

**Court Congestion:** This factor is neutral. While the Western District of Texas has a median time from filing to disposition of 8.5 months and the Northern District of California has a median time of 9.4 months, this difference is statistically insignificant and speculative.[9] Additionally, the Federal Circuit has held it is a "clear abuse of discretion to accord this factor any weight" where the patentee "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Here, eCardless does not allege that it is engaged in any product competition in the marketplace, only stating that it "invents technology." Compl. ¶ 1. eCardless does not sell any products or perform anything beyond licensing. Ex. BB. The patents themselves are expired (Compl. ¶¶ 31, 36, 41, 46), thus there is no additional urgency to case resolution.

**Familiarity of the Forum with the Law and Avoidance of Unnecessary Problems of Conflicts of Laws:** These final two factors are neutral. Both the Western District of Texas and the Northern District of California are well-equipped to handle patent infringement cases, and there are no conflict of laws issues in this case.

## V. CONCLUSION

Because four of the eight factors favor transfer and all other factors are neutral, the Northern District of California is a clearly more convenient forum for this litigation, and PayPal respectfully requests the Court transfer this action to the Northern District of California.

Dated: September 1, 2023

Respectfully submitted,

By: */s/ Robert N. Kang*
Barry K. Shelton

[9] *See* https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2022/03/31

[redacted]

TX State Bar No. 24055029
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Robert N. Kang
CA State Bar No. 274389
RKang@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, California 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Nimalka R. Wickramasekera
CA State Bar No. 268518
*Admitted Pro Hac Vice*
NWickramasekera@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

**ATTORNEYS FOR DEFENDANT PAYPAL, INC.**

[redacted]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served by email on all counsel of record on September 1, 2023

*/s/ Robert N. Kang*
Robert N. Kang

[redacted]

**CERTIFICATE OF CONFERENCE**

This is to certify that counsel has complied with local rule CV-7(g) and this motion is opposed. On July 25, 2023 Barry K. Shelton, counsel for PayPal, contacted the Court and counsel for Plaintiff indicating PayPal's intent to file the present motion. Plaintiff's counsel, Erick Robinson, responded on July 25, 2023 that Plaintiff will oppose the motion.

*/s/ Robert N. Kang*
Robert N. Kang