**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **ECARDLESS BANCORP, LTD.,** | |
| Plaintiff, | Civil Action No. 7:22-cv-00245-ADA-DTG |
| v. | |
| **PAYPAL, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S OPPOSED MOTION TO TRANSFER**

## I. INTRODUCTION

PayPal's Response [Dkt. 45] ignores the fact that the deadline to file a motion to transfer is set by the Standing Order Governing Proceedings – Patent Cases (OGP), which was effective upon the case being assigned to Judge Albright on June 9, 2023. PayPal ignored any deadline that might have applied, as it now appears to concede that August 4, 2023, was the deadline. Nonetheless, PayPal did not file its Motion to Transfer until September 1, 2023. Moreover, PayPal was required by the OGP to first seek leave to file after missing the deadline but failed to do so.

PayPal tries to justify its conduct arguing it had not considered venue until claim construction in mid-July, however, this admission proves it was not diligent as this was six months after service. Further, PayPal's first filing was a venue motion as to PayPal Holdings, Inc. Dkt. 11. PayPal's neglect does not excuse its filing after the deadline nor its failure to ask for leave.

PayPal seems to argue that the Court's response to its July 25 email acted as leave to file its Motion to Transfer out of time. Dkt 45 at 3. PayPal's interpretation of the Court's email is not credible, *id*. at 5; indeed, an email with the same message was sent to eCardless' counsel when it inquired about the Joint Motion to Stay Venue Discovery. Exs. 1, 2. The Court's emails mean what they say, and it is improper for a party to re-write them for its own benefit. PayPal also calls the July 25 email chain its 'meet and confer' on transfer, contrary to the record. Finally, PayPal's "offer" to double-track the claim construction hearing with venue undermines the efficiencies created by the OGP, runs up eCardless' costs, and violates Federal Circuit law on venue.

## II. PAYPAL MISCHARACTERIZES THE LAW AND THE FACTS

### A. PayPal Mischaracterizes eCardless' Positions.

In its Response, PayPal misstates controlling legal principles as it asserts that "delay" is at most a factor to consider on the merits, not a basis to strike its Motion to Transfer. Dkt. 45 at 2-3. But the cases PayPal relies on do not apply to the Motion to Strike because the Court's OGP both

sets a deadline and also requires that after the deadline, "a movant must show good cause for any delay and seek leave of court." *See Ravgen, Inc. v. Laboratory Corp. of Am. Holdings, Inc.*, 2022 WL 272115 (W.D. Tex. Jan. 28, 2022), *mandamus denied*, *In re Laboratory Corp. of Am. Holdings, Inc.*, 2022 WL 1498775 (Fed. Cir. May 12, 2022) (both this Court and the Federal Circuit hold that filing of motion to transfer after the OGP deadline requires a motion for leave for good cause shown). This requirement is the same for late filings under any scheduling order. Fed. R. Civ. P. 16(b)(4). In its Response, PayPal does not contest that August 4, 2023, was the deadline under the OGP, even though it did not file it Motion to Transfer until September 1, 2023. Dkt. 45 at 5.

Instead, PayPal chose to seek forgiveness, not permission, and took another 28 days (after the August 4th deadline), to file its Motion to Transfer, without leave, and without actually meeting and conferring with counsel. Much of PayPal's Response is spent arguing that there was good cause for its additional 28-day delay [Dkt. 45 at 5-6] – but its conclusory arguments do not justify its intentional conduct. PayPal also argues that eCardless' earlier emails said OGP deadlines ran from case filing, expiring before Judge Albright was assigned in June, and put it in an untenable position. But the first page of eCardless' Motion to Strike states that August 4, 2023, was PayPal's deadline, so this argument is moot (and could have been resolved by conferring with counsel).[1]

### B. A District Court has Authority to Enforce its Deadlines.

PayPal argues there is no precedent to strike a motion to transfer venue for delay. PayPal misses the point. A district court has the authority to strike or deny a motion to transfer venue when filed in violation of a court order. *See, e.g., Astellas US LLC v. Hospira, Inc.*, 2022 WL

[1] In proffering this argument, PayPal arrives at a number of flawed conclusions. For example, it concludes that if the OGP retroactively applied, it would have somehow "foreclosed the ability for PayPal to file a motion to transfer at all," and untimely ones with leave. Dkt. 45 at 4. But the OGP allows for both motions to transfer and motions for leave, so PayPal's argument lacks sense.

17998229, *1 (Fed. Cir. Dec. 30, 2022) (Affirming district court striking infringement theory presented after deadline in the schedule); *EEOC v. Lockhead Martin*, 2007 WL 2746800, *5 (D. Haw., Sept. 19, 2007) (denial of transfer for failure to comply with deadline). The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order. *See Ravgen*, 2022 WL 272115, *and mandamus opinion*, 2022 WL 1498775. Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). This is especially true as PayPal ignored not just the deadline but also the leave of court requirement and the 'meet and confer' rule.

Moreover, PayPal cannot show good cause because it raised the prospect of a motion to transfer on July 25, 2023, but did nothing before the August 4, 2023, deadline. As shown in both the district court and Federal Circuit opinions in *Ravgen*, PayPal could have filed its Motion to Transfer by the OGP deadline or otherwise filed for leave as permitted by the OGP. PayPal also could have filed a motion for continuance. Disregard for the OGP or Local Rules is enough to strike PayPal's Motion to Transfer, violations of both more than justify the relief sought.

## III. PAYPAL HAS NO CREDIBLE JUSTIFICATION FOR ITS CONDUCT

### A. PayPal Cannot Justify Its Delay.

PayPal argues that it had not thought to consider venue until the claim construction process began in July 2023, which supposedly revealed its employees with the best knowledge of relevant facts were in places other than Texas. Dkt. 45 at 5. This sounds odd since claim construction is based mainly on the file histories and specifications of the patents-in-suit, not the accused products. Further, a defendant will typically do some investigation of the accused products in the first weeks or months after service of process. PayPal raised venue issues as to its parent company, PayPal

Holdings, Inc., back in February 2023. Dkt. 11. Yet, coincidentally, PayPal's "ah-ha moment" here occurred only after the case was assigned to Judge Albright. Dkt. 45 at 4. Moreover, PayPal's excuses for delay do not explain its failure to ask for leave of Court.

PayPal actually argues that its post-deadline delay is eCardless' fault, because eCardless named so many of PayPal's employees in the complaint, PayPal needed several weeks and 13 interviews to unwind the facts. Dkt. 45 at 5-6. PayPal's attempt to shift blame is contradicted by the arguments it made on ***the very first page of its Motion to Transfer***:

> In its Complaint, Plaintiff attempts to manufacture venue by listing 28 PayPal employees and 14 former employees in the Austin area, over 300 miles away from the Midland courthouse***, but a cursory inspection of these individuals' job titles and functions reveals that they have no material relevant information*** regarding the accused functionalities.

Dkt. 39 (emphasis added). In PayPal's own words, it just needed a "cursory inspection" to determine the people identified in the Complaint are irrelevant, not days or weeks of investigation. Evidence that further proves this point is in Rachel Krantz's declaration, which PayPal has shielded from public view by filing under seal. *Compare* Dkt. 39-1 ¶¶5-17 *with* ¶19.

PayPal next argues that *RFCyber Corp. v. Apple Inc.*, 6:21-cv-00916-ADA, Dkt. 149, at 6–7 (W.D. Tex. June 6, 2023) (Ex. 3) shows the Court has allowed long delays for filing transfer motions. But *RFCyber* involved ***an intra-district*** motion to transfer from Waco to Austin, which was not addressed by the OGP then in effect. The Court also found the movant had been diligent, and plaintiff could show no prejudice. In contrast, here, the OGP has both a deadline and leave requirement, intended to create efficiency and avoid unnecessary expense. Moreover, as shown in the Motion to Strike, failure to follow the OGP prejudices eCardless. *See* Dkt. 44, Ex 1.

### B. eCardless Will Suffer Avoidable Costs the OGP is Designed to Eliminate.

PayPal harps on its offer to go forward with the claim construction hearing during venue proceedings ***for eCardless' benefit***. Dkt. 45 at 2. However, the OGP avoids this overlap by

providing for completion of venue discovery and briefing before the claim construction hearing. PayPal's offer exacerbates the harm to eCardless – simultaneous work on the claim construction hearing during venue proceedings will inevitably require more lawyers and increase costs. The staffing inefficiencies from this double tracking are unnecessarily burdensome and highly prejudicial to eCardless. Dkt. 44, Ex. 1. Moreover, Federal Circuit law requires a ruling on venue before claim construction, so that a court does not waste resources on a case it will not adjudicate.

## IV. PAYPAL DID NOT MEET AND CONFER PRIOR TO FILING

PayPal argues that the email exchange on July 25 was the 'meet and confer' for the September 1 Motion to Strike, Dkt. 45 at 12; but PayPal argues that it had not completed its investigation until August, *id.*, at 4-6; or made a decision on transfer venue before the July 25 email exchange. *Id*., at 3-4. PayPal does not explain why it could not meet and confer as requested. PayPal instead argues 'no harm, no foul' since it would not agree to anything less than the full relief requested in its Motion to Transfer. But Local Rule 7(G) does not excuse parties from its 'meet and confer' requirement based on intransigence. Further, some issues might have been resolved without briefing (*e.g.*, agreement on the August 4th deadline). Rule 7(G) expressly provides that the court may deny a motion where the Rule has not been satisfied.

## V. CONCLUSION

The Court should enforce the OGP and Local Rule 7(G) and strike PayPal's Motion to Transfer.

Dated: September 19, 2023

Respectfully Submitted,

By: */s/ Danielle J. Healey*

**SPENCER FANE LLP**
Erick S. Robinson, Lead Counsel
Texas Bar No. 24039142
Patrick M. Dunn
Texas Bar No. 24125214
816 Congress Avenue, Suite 1200
Austin, TX 78701
Telephone: (512) 840-4550
Fax: (512) 840-4551
erobinson@spencerfane.com
pdunn@spencerfane.com

Danielle J. Healey
Texas Bar No. 9327980
Brian Medich (Admitted W.D. Tex.)
D.C. Bar No. 1671486
3040 Post Oak Blvd, Suite 1300
Houston, TX 77056
Telephone: (713) 212-2676
Fax: (713) 963-0859
dhealey@spencerfane.com
bmedich@spencerfane.com

Kevin S. Tuttle (Admitted W.D. Tex.)
Missouri Bar No. 53920
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216
bbear@spencerfane.com
ktuttle@spencerfane.com

**COTTON BLEDSOE TIGHE & DAWSON, PC**
David. W. Lauritzen
Texas Bar No. 00796934
dlauritzen@cbtd.com
Bradley H. Bains
Texas Bar No. 01553980
bbains@cbtd.com
Midland, TX 79701
Telephone: (432) 897-1440
Fax: (432) 682-3672

***Attorneys for Plaintiff eCardless Bancorp, Ltd.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of September 2023, a true and correct copy of the foregoing has been filed via the Court's electronic filing system and, by such, is being served on all counsel of record.

*/s/ Danielle J. Healey*
Danielle J. Healey