**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

ECARDLESS BANCORP, LTD.,

Plaintiff,

v.

PAYPAL, INC.,

Defendant.

CIVIL ACTION NO. 7:22-cv-245-ADA-DTG

**JURY TRIAL DEMANDED**

**DEFENDANT PAYPAL INC.'S RESPONSE TO ECARDLESS'S MOTION TO STRIKE DEFENDANT PAYPAL'S OPPOSED MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(A)**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. PayPal's Transfer Motion Is Not Untimely ..... 2

B. Good Cause Exists for PayPal's Alleged 28-Day Delay ..... 5

C. PayPal's Transfer Motion Was Filed With Reasonable Promptness ..... 6

D. PayPal Satisfied the Meet-and-Confer Requirement of L.R. CV-7(g) ..... 12

III. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arenas v. Calhoun*,
No. SA-16-CV-1203-XR, 2017 WL 4564024 (W.D. Tex. Oct. 12, 2017) ................................2

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
2018 WL 574871 (E.D. Tex. Jan. 18, 2018) ................................10

*Graco Inc. v. Harbor Freight Tools USA, Inc.*,
No. 0:23-cv-00130 (D. Minn. filed Jan. 17, 2023) ................................10

*In re Horseshoe Ent.*,
337 F.3d 429 (5th Cir. 2003) ................................2

*Mobile Data Techs. LLC v. Meta Platforms, Inc. f/k/a Facebook Inc.*, No. 7:22-cv-00244 (W.D. Tex. filed Nov. 23, 2022) ................................10

*Mohamed v. Mazda Motor Corp.*,
90 F. Supp. 2d 757 (E.D. Tex. 2000) ................................6

*Pederson v. Intuit, Inc.*,
No. 6:22-cv-00588 (W.D. Tex. filed June 8, 2022) ................................10

*Peteet v. Dow Chem. Co.*,
868 F.2d 1428 (5th Cir.1989) ................................4

*In re Radmax, Ltd.*,
720 F.3d 285 (5th Cir. 2013) ................................3, 11

*RFCyber Corp. v. Apple Inc.*,
6:21-cv-00916-ADA, Dkt. 149 (W.D. Tex. June 6, 2023) ................................6

*Upstream Data Inc. v. Crusoe Energy Sys. LLC*,
1:23-cv-01252 (D. Colo. filed May 18, 2023) ................................10

*Watson v. Fieldwood Energy Offshore, LLC*,
181 F. Supp. 3d 402 (S.D. Tex. 2016) ................................2

*WSOU Invs. v. Arista Networks, Inc.*,
No. 20-cv-01083-ADA, 2021 WL 6015526 (W.D. Tex. Nov. 5, 2021) ................................4

**Statutes**

28 U.S.C. § 1404 ................................1

28 U.S.C. § 1404(a) ....................3, 6, 11

**Other Authorities**

L.R. CV-7(d)(1)....................2

L.R. CV-7(g) ....................11, 12

## I. INTRODUCTION

Plaintiff eCardless Bancorp, Ltd.'s ("eCardless") Motion to Strike ("Mot.") PayPal's Motion for Inter-District Transfer to the Northern District of California ("Transfer Motion") should be denied for four reasons. First, even though it is undisputed that neither Judge Count's Standing Order nor 28 U.S.C. § 1404 includes a deadline for filing a motion to transfer, eCardless adopts the untenable position that the deadlines in Judge Albright's OGP apply ***retroactively***, and that PayPal should have somehow known that this case would have been assigned to Judge Albright and adhered to the deadlines in ***Judge Albright's*** OGP while the case was assigned to ***Judge Counts***. Such a position is facially unreasonable and places an impossible burden on PayPal.

Second, apparently cognizant of this flawed logic, eCardless contends that PayPal's deadline to file a motion to transfer was eight weeks after the case was assigned to Judge Albright, on August 4, 2023. But PayPal had ample good cause for filing 28 days after eCardless's deadline: PayPal did not become aware that the most knowledgeable employees for the accused functionalities were all located outside of Texas until it began investigating its claim construction positions in late July. Upon making this determination, PayPal promptly sought clarification from the Court and met and conferred with eCardless, but eCardless's strategy of citing dozens of entirely irrelevant employees in its Complaint to manufacture venue in this District required additional weeks of investigation and interviews before it could file its transfer motion.

Third, and critically, eCardless does not come close to showing that PayPal's motion was filed for dilatory purposes or that it would suffer prejudice solely due to the purported delay. Each of Plaintiff's speculative accusations of PayPal's "bad intent" are contradicted by the record, and tellingly, PayPal agreed to eCardless's request to stay all venue discovery and transfer while this motion is pending. There is also no precedent supporting Plaintiff's claim of prejudice that its lawyers are busier now due to ***other cases*,** which is supported only by the vague statements of its

counsel. In reality, there is no prejudice solely attributable to the timing of the Transfer Motion. The default schedule in the OGP envisions concurrently briefing claim construction and transfer, and claim construction in this case should be exceedingly straightforward, with only four terms at issue and no expert depositions. There has been little investment by the Court—the claim construction hearing is over eight weeks away—and in fact eCardless ***rejected*** PayPal's offer to proceed with the *Markman* hearing in this case if it withdrew the instant motion. eCardless falls far short of showing that PayPal's Transfer Motion was not reasonably prompt, and its Motion to Strike should be denied. Finally, eCardless's argument that PayPal's Transfer Motion should be stricken for failure to meet and confer is flatly contradicted by the record: the parties met and conferred no fewer than three times; at each juncture the parties' positions were unambiguous, and no further conference was necessary.

## II. ARGUMENT

### A. PayPal's Transfer Motion Is Not Untimely

eCardless asks for a remedy that is entirely contrary to Fifth Circuit precedent—striking PayPal's Transfer Motion ***solely on*** purported untimeliness. eCardless cites no precedent authorizing its extreme remedy on this basis,[1] and there is none: "Fifth Circuit case law has considered a party's delay in requesting transfer and whether the party requesting transfer has done so with reasonable promptness as ***peripheral influences*** when determining whether to transfer a case." *Arenas v. Calhoun*, No. SA-16-CV-1203-XR, 2017 WL 4564024, at *2 (W.D. Tex. Oct. 12, 2017) (citing *In re Horseshoe Ent.*, 337 F.3d 429, 434 (5th Cir. 2003) ("[I]n rare and special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer.")).

[1] eCardless's Motion is nearly entirely devoid of citations to legal authorities, and fails to comply with L.R. CV-7(d)(1).

Indeed, courts—including this Court—typically consider the delay in filing a transfer motion as but one factor in the transfer analysis, rather than dispositive. Courts address delay when assessing private interest factor 4 ("all other practical problems that make trial for a case easy, expeditious, and inexpensive") of the *Volkswagen* analysis. *See, e.g.*, *Watson v. Fieldwood Energy Offshore, LLC,* 181 F. Supp. 3d 402, 411 (S.D. Tex. 2016) (assessing delay under private interest factor 4 and holding, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer. Were it, delay would militate against transfer in every case.") (citing *In re Radmax, Ltd.*, 720 F.3d 285, 289 (5th Cir. 2013)); *see also, e.g.*, *WSOU Investments v. Arista Networks, Inc.*, No. 20-cv-01083-ADA, 2021 WL 6015526, at *5 (W.D. Tex. Nov. 5, 2021) (finding private interest factor 4 neutral where motion to transfer was filed seven months after complaint was filed).

Furthermore, eCardless's timeliness argument is based entirely on placing an impossible burden on PayPal—according to eCardless, PayPal should have somehow known that Judge Counts would transfer this action to Judge Albright, and filed its Transfer Motion within eight weeks of service of the Complaint as required by Judge Albright's OGP, 20 weeks ***before*** the case was assigned to Judge Albright. eCardless's timeliness argument should be rejected.

### 1. eCardless's Retroactive Application of the Court's OGP Is Improper

eCardless filed this case in the Midland-Odessa Division on November 23, 2022. Twenty-two weeks later, on April 28, 2023, Judge Counts referred this case to Judge Gilliland. Dkt. 28. Six weeks after that, on June 9, 2023, Judge Counts transferred this case to Judge Albright's docket. Dkt. 33. On July 25, PayPal sought guidance from the Court as to whether it may still file a motion to transfer venue, given the deadlines in the OGP. Dkt. 41-3, at 6. The Court responded to both PayPal and eCardless that "[t]he parties can file whatever motion ***they deem appropriate***, and the

Court will address it in due course."[2] *Id.* at 4. PayPal subsequently completed its investigation and filed its Transfer Motion on September 1.

eCardless's position that the OGP applies retroactively[3] foreclosed the ability for PayPal to file a motion to transfer at all. eCardless chose to file this case in the Midland-Odessa Division, before Judge Counts. Thus, Judge Counts' standing orders governed this case from filing until June 9, 2023. Judge Counts' Standing Order Governing Patent Proceedings does not contain any provisions dictating the timing of transfer motions. Kang Decl. Ex. 1. Thus PayPal—without precognition that the case would be transferred to Judge Albright—was guided only by Fifth Circuit precedent, which states only that "[p]arties seeking a change of venue should act with ***reasonable promptness***." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).

The case was assigned to Judge Albright more than eight weeks after service of the complaint. PayPal could not have known that the deadlines in the OGP would apply until the case was transferred.[4] And by the time the case was transferred, the eight-week deadline to file a motion to transfer venue under the OGP had long passed. Plaintiff appears to argue that PayPal ***should have known*** that this case would be subsequently transferred *sua sponte* to Judge Albright, and ***should have assumed that Judge Albright's*** OGP would apply in this case, ignoring Judge Counts' standing order. eCardless's hindsight procedural interpretation is both improper and prejudicial, and should be rejected.

---

[2] Plaintiff mischaracterizes this single sentence throughout its Motion: Mr. Scott did not instruct PayPal to "stop emailing the Court" or file an "'appropriate' motion." Mot. at 9.

[3] Contrary to Plaintiff's motion, PayPal does not contend that the OGP "does not apply to this proceeding/lawsuit," (Mot. at 7, 9), but rather contends it did not apply ***retroactively***; i.e., deadlines in the OGP were not in effect while the case was assigned to Judge Counts.

[4] An order for compliance with the OGP has not yet been entered in this case.

### B. Good Cause Exists for PayPal's Alleged 28-Day Delay

Recognizing that its position that Judge Albright's OGP applied retroactively is untenable, eCardless posits that PayPal's deadline to file a transfer motion was eight weeks after this case was transferred to Judge Albright's docket: August 4, 2023. Mot. at 1, 8–9. PayPal attempted to clarify whether it could file a motion to transfer on July 25, 2023—before the deadline eCardless argues applies in this case—to which the Court stated, "the parties can file whatever motion they deem appropriate, and the Court will address it in due course." Dkt. 41-3 at 4. Given this guidance, it is far from clear that PayPal's motion is untimely, and to the extent it is untimely, by eCardless's own calculation, it is by no more than 28 days.

There was good cause for PayPal to file its motion on September 1. First, PayPal did not become aware that all the most knowledgeable employees for the accused functionality were located outside of Texas until it began investigating its claim construction positions, shortly before the Court's deadline for the parties to exchange claim terms for construction on July 19, 2023. Dkt. 35. As a result of that investigation, PayPal determined that the individuals responsible for the accused functionalities—the PayPal SDKs used by merchants to integrate their e-commerce websites with Checkout for the '862 and '863 patents, and risk assessment models that may use GPS location as one of the input signals for the '206 and '942 patents—reside outside of Texas. *See* Dkt. 39 at 3. Rather, these individuals reside in San Jose, California, Chicago, Illinois, and Tel Aviv, Israel. *Id.* PayPal promptly approached the Court shortly thereafter, seeking guidance as to whether it could still file a motion for inter-district transfer on July 25.

Second, any purported delay from July 25 to September 1 was due to eCardless's strategy of including dozens of irrelevant PayPal employees and former employees in its complaint. The inclusion of these individuals—purely for the purpose of manufacturing venue in this district—required significant investigation and over a dozen interviews by PayPal before it could file its

Transfer Motion. A number of those individuals (none of which have any knowledge of the accused instrumentalities) are no longer employed at PayPal, and were either difficult to locate, or could not be located at all. After a series of interviews with the 13 PayPal employees who appeared to have technical roles identified by eCardless, PayPal determined that none are relevant to this litigation, and filed its Transfer Motion.

Thus, even applying the August 4 deadline that eCardless suggests should apply, there was ample good cause for PayPal to file 28 days after this deadline. Indeed, this Court has found good cause where the delay far exceeded 28 days. *See, e.g.*, *RFCyber Corp. v. Apple Inc.*, 6:21-cv-00916-ADA, Dkt. 149, at 6–7 (W.D. Tex. June 6, 2023) (finding good cause for filing motion to transfer 11 months after complaint was filed).

### C. PayPal's Transfer Motion Was Filed With Reasonable Promptness

eCardless's Motion falls far short of showing that either PayPal's Transfer Motion was a dilatory tactic, or that eCardless would be prejudiced solely because of the delay in bringing the motion. "If a litigant resisting transfer successfully shows the Section 1404(a) transfer motion is a dilatory tactic, or that it would be prejudiced solely because of the delay in bringing the motion, then the litigant moving for transfer has failed to show 'reasonable promptness' in bringing his transfer motion." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 760 (E.D. Tex. 2000). Rather, eCardless merely hurls unsupported accusations of PayPal's intent, and states that it would be prejudiced because its outside counsel's attorneys are allegedly busier now than they were at some unspecified point earlier in the year. Both are insufficient to make its required showing.

#### 1. eCardless Fails to Show That the Transfer Motion Was Filed for the Purpose of Delay

eCardless's scattershot allegations of bad faith or dilatory tactics are wholly unsupported attorney argument. First, eCardless argues that the fact that PayPal filed a motion to dismiss

PayPal Holdings, Inc. suggests that PayPal was "laying in wait with transfer." Mot. at 10–11. But, as eCardless knows, the parties stipulated to dismiss PayPal Holdings, Inc. because "it is not an ***operating entity*** involved in making, using, selling, offering for sale, importing, exporting any products or services identified in Counts I-IV of the complaint." Kang Decl. Ex. 2 at 1. And as discussed above, PayPal did not become aware that the employees most knowledgeable of the Accused Products all reside outside of Texas until it began investigating its claim construction positions in mid-July.

eCardless also argues that the timing of PayPal's Transfer Motion is "plainly suspect" because it was "filed less than a week before PayPal filed its opening *Markman* brief to place Plaintiff on the clock to respond in just a few short weeks with its own *Markman* brief." Mot. at 11. eCardless appears to fault PayPal both for filing *too late* and filing *too early*—it devotes pages of its Motion arguing PayPal needlessly delayed its filing while also arguing that PayPal's filing on Friday rather than Tuesday is evidence of its "dilatory tactics." Nothing could be further from the truth—PayPal filed its Motion because it did not wish to file both its Markman brief and Transfer Motion on the same, or back-to-back, days. Additionally, the timing of PayPal's motion does not put eCardless "on the clock"—eCardless's opposition motion would not have been due until November 24, and regardless, PayPal agreed at to stay all venue discovery deadlines and briefing on the Transfer Motion until after the Court rules on the instant motion to strike. Kang Decl. Ex. 3 at 3–4.[5]

Further, eCardless argues that PayPal waited to file its Transfer Motion to "split Plaintiff's attention" between venue discovery and claim construction. First, nothing in the OGP envisions

[5] The parties have come to an agreement but eCardless has not yet filed the agreed joint motion to stay deadlines for discovery and briefing on venue.

bifurcating transfer motions and claim construction such that there is zero overlap. Indeed, under the schedule set forth in the current version of the OGP (4.3), the plaintiff would oppose a motion to transfer concurrently with filing its responsive claim construction brief: the moving party must file a motion for transfer by 3 weeks after the CMC, with 10 weeks of venue discovery to take place immediately after, setting the deadline for the plaintiff's opposition brief at 15 weeks after the CMC—precisely during the period between Defendant's Opening and Plaintiff's Responsive claim construction briefs (14 and 17 weeks after the CMC, respectively). *See, e.g.*, OGP 4.3, at 12–13. And second, as discussed below, claim construction in this proceeding is exceedingly straightforward: only four terms are at issue, and PayPal did not submit an expert declaration, thereby obviating the need for any depositions.

Finally, Plaintiff's accusation that PayPal waited to file its motion to delay the *Markman* hearing (Mot. at 12–13) is contradicted by PayPal's offer to proceed with the *Markman* hearing. PayPal suggested to eCardless's counsel that it withdraw the instant motion to strike if the parties stipulated to proceed with the current claim construction briefing schedule and hearing set for November 8, 2023 in conjunction with venue discovery, with fact discovery opening if and when the Court denies the Transfer Motion. In response, eCardless then asked whether PayPal would agree to not re-visit claim construction in the transferee district court, to which PayPal agreed. Kang Decl. Ex. 3 at 1, 2, 4. As of the filing of this opposition, eCardless has yet to accept or reject this offer. In sum, each of eCardless's allegations of bad faith are unsupported and contrary to the record, and eCardless falls far short of making its required showing that PayPal's Transfer Motion is a "dilatory tactic."

### 2. eCardless Fails to Show That It Would Be Prejudiced Solely Because of the Purported Delay

Plaintiff's claims of prejudice fare no better. There is little to no judicial economy lost by considering transfer at this point; the Court has expended a *de minimis* amount of time and effort that would become wasted upon transfer. PayPal's 12(b)(6) Motion to Dismiss (Dkt. 19) remains pending, and PayPal has not yet filed an answer. While the parties have exchanged preliminary infringement and invalidity contentions, document productions have been limited, and the Court has yet to engage in claim construction. The *Markman* hearing is over eight weeks away, and fact discovery has yet to open. Indeed, if eCardless accepts PayPal's offer above, judicial resources will not be wasted even if this Court issues its *Markman* order.

eCardless does not point to any actual prejudice it will suffer should the Court deny its Motion to Strike PayPal's Transfer Motion. Rather, it simply laments that PayPal did not file its motion earlier when its counsel's lower-cost attorneys were slow. Dkt. 41-1 ¶ 12. eCardless cites no precedent in which any court determined that delay in filing a motion caused prejudice to the responding party because ***its outside counsel*** was busier at the time the motion was filed on ***other cases.*** Indeed, eCardless acknowledges that "this is not a unique problem to parties, law firms, or attorneys in general, [but] it is a fact and would adversely impact Plaintiff." Mot. at 12. This purported fact—based entirely on unsupported statements of its lead counsel—is utterly irrelevant to a showing of prejudice.[6] As such, Plaintiff has also failed to show that it would be prejudiced solely because of the purported delay, and therefore failed to show that PayPal's motion was not reasonably prompt.

[6] To PayPal's knowledge, no court has ever considered the workload of the opposing party's attorneys in considering prejudice to that party.

Even assuming the workload of its attorneys is relevant, eCardless does not specify what other matters prevent its counsel's lower-priced attorneys from briefing the Transfer Motion and conducting venue discovery, and which "different attorneys with significantly higher rates and differing experience levels" it would be forced to use. Plaintiff's counsel simply states without any support that it would be $300,000–350,000 more expensive to respond to a transfer motion now, than at some unspecified point earlier in the year. Dkt. 41-1 ¶ 12. Indeed, counsel for eCardless does not even identify in which cases it has "unrelated *Markman* hearings"—many of its firm's cases are either stayed or in their early stages.[7]

eCardless also argues that the additional work and costs in this proceeding by briefing the Transfer Motion and carrying out the subsequent venue discovery would result in unfair prejudice. However, additional costs would have been incurred for briefing the Transfer Motion no matter when PayPal filed it. *See, e.g.*, *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, 2018 WL 574871, at *3 (E.D. Tex. Jan. 18, 2018) (finding no prejudice to defendant in granting motion to amend contentions where defendant would need to "expend significant resources analyzing [plaintiff's] claims" because it would have been done "even if the devices had been identified in the [preliminary] contentions"). It is thus unclear why eCardless's counsel being required to brief the Transfer Motion in conjunction with claim construction briefing would result in any undue prejudice; as discussed above, the default schedule in the OGP in fact requires plaintiffs to do exactly that.

[7] *See, e.g.*, *Mobile Data Techs. LLC v. Meta Platforms, Inc. f/k/a Facebook Inc.*, No. 7:22-cv-00244 (W.D. Tex. filed Nov. 23, 2022) (claim construction briefing concluded Aug. 14, 2023; no *Markman* hearing scheduled due to Court's consideration of transfer motion); *Graco Inc. v. Harbor Freight Tools USA, Inc.*, No. 0:23-cv-00130 (D. Minn. filed Jan. 17, 2023) (case is in early stages of fact discovery); *Upstream Data Inc. v. Crusoe Energy Sys. LLC*, 1:23-cv-01252 (D. Colo. filed May 18, 2023) (stayed pending post-grant review); *Pederson v. Intuit, Inc.*, No. 6:22-cv-00588 (W.D. Tex. filed June 8, 2022) (case is in early stages, pending motion to dismiss).

Furthermore, there is no reason why the 10-week venue discovery period cannot be performed in conjunction with briefing and preparing for the *Markman* hearing, which at the time of the filing of the Transfer Motion was still over nine weeks away. Claim construction briefing in this case is extremely limited—PayPal's opening brief used only 18 of the 30-page limit for 4-patent cases specified in the OGP—and will not pose a significant burden on either of the parties. There are only 4 terms at issue, two of which are related, for claim construction. *See* Dkt. 40. Moreover, PayPal did not submit an expert declaration with its opening claim construction brief; as such there will be no expert depositions.

Finally, eCardless argues that trial will necessarily shift, and suggests that ***any*** delay of the trial date is prejudicial. Mot. at 13. But there is ample time in the schedule to accommodate venue discovery and briefing without shifting the trial date; for example, during the period for expert reports.[8] And predictably, eCardless cites no authority for the proposition. To the contrary, "garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax, Ltd.*, 720 F.3d at 289. There is additionally no urgency for case resolution—as discussed in PayPal's Transfer Motion, eCardless does not operate any services or sell any products, and all the patents it asserts in this litigation expired prior to the date it filed its complaint. Dkt. 39 at 15.

At bottom, eCardless's claims of prejudice are wholly irrelevant and supported only by the *ipse dixit* of its outside counsel, and it has failed to show that it would suffer any actual prejudice solely due to the purported delay in the filing of the Transfer Motion. PayPal's Transfer Motion was therefore filed with reasonable promptness.

---

[8] Indeed, in response to PayPal's request for a two-week extension of invalidity and infringement contentions, eCardless demanded a two-week extension for ***all deadlines*** up to trial. *See* Kang Decl. Ex. 4 at 1.

### D. PayPal Satisfied the Meet-and-Confer Requirement of L.R. CV-7(g)

Plaintiff finally argues that PayPal failed to meet and confer on its Transfer Motion, and the Court should grant eCardless's motion to strike on that basis alone. Mot. at 14–15. But PayPal met and conferred in good faith with eCardless; eCardless's position that it would oppose PayPal's Transfer Motion was crystal clear based on its July 25 email to PayPal and the Court. *See* Dkt. 41-2 at 5 ("Plaintiff ***strongly opposes*** leave for Defendant to file a motion to transfer at this late date."). Indeed, when the parties met and conferred the next day on July 26, eCardless stated again that it would not agree to transfer, and would oppose a motion for leave to file such a motion. Dkt. 41-2 at 2. PayPal stated it disagreed, but as a courtesy would let eCardless know whether it intended to proceed with a motion for leave or a motion to transfer. *Id.*

When PayPal informed opposing counsel on September 1 that it was proceeding with a motion to transfer, eCardless reiterated that it would oppose PayPal's motion, but simultaneously asked to meet and confer four days later to September 5, just one day before PayPal's opening claim construction was due, and stated it would inform the Court of PayPal's "bad intent, including its refusal to meet and confer" if PayPal filed its motion that day. Dkt. 41-2 at 3. PayPal asked what Plaintiff believed remained to discuss; in response, eCardless sent a laundry list of ***hypothetical offers*** relating to a potential intra-district transfer. *See* Dkt. 41-2 at 1–2 ("[W]e can ***hypothecate other possibilities… I am not making you a specific offer*** or saying any one or more of these possibilities are *per se* acceptable."). None of these hypotheticals, even supposing they were actual good-faith offers, would have been acceptable to PayPal. *Id.* at 1. PayPal informed eCardless on the same day that it was not interested in transferring the case intra-district. *Id.* At that point, there was nothing further on which to meet and confer. Each of the party's positions on the Transfer Motion have been clear since July—PayPal would be filing a motion for ***inter-***district transfer, and eCardless opposed.

The July 25 and 26 correspondences between PayPal and eCardless, the July 26 telephonic conference, and the September 1 correspondence satisfy the Court's meet and confer requirement under L.R. CV-7(g).

## III. CONCLUSION

For at least the foregoing reasons, PayPal respectfully requests the Court deny eCardless's Motion to Strike.

Dated: September 13, 2023

Respectfully submitted,

By: *<u>/s/ Robert N. Kang</u>*

Barry K. Shelton
TX State Bar No. 24055029
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Robert N. Kang
CA State Bar No. 274389
RKang@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, California 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Nimalka R. Wickramasekera
CA State Bar No. 268518
*Admitted Pro Hac Vice*
NWickramasekera@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

**ATTORNEYS FOR DEFENDANT PAYPAL, INC.**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served by email on all counsel of record on September 13, 2023

*/s/ Robert N. Kang*
Robert N. Kang