[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

ECARDLESS BANCORP, LTD.,

Plaintiff,

v.

PAYPAL, INC.,

Defendant.

CIVIL ACTION NO. 7:22-cv-245-ADA-DTG

**JURY TRIAL DEMANDED**

[redacted]

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

[redacted]

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc.*,
No. 2022-128, 2022 WL 1196768 (Fed. Cir. Apr. 22, 2022), *cert. denied sub nom. CPC Pat. Techs. PTY Ltd. v. Apple Inc.*, 143 S. Ct. 206, 214 L. Ed. 2d 80 (2022) ....................2

*Bobosky v. Adidas AG*,
No. CV 10-630-PK, 2010 WL 4853295 (D. Or. Oct. 8, 2010), *report and recommendation adopted*, No. CIV 10-630-PK, 2010 WL 4828392 (D. Or. Nov. 18, 2010) ....................1

*In re Google LLC*,
58 F.4th 1379 (Fed. Cir. 2023) ....................5

*In re Google*,
No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ....................4

*In re Google*,
No. 2021-170, 2021 WL4427899 (Fed. Cir. Sept. 27, 2021) ....................2

*Mobile Data Techs. LLC v. Meta Platforms, Inc.*,
No. 7:22-CV-0244-ADA-DTG, 2023 WL 9051280 (W.D. Tex. Dec. 18, 2023)..........1, 2, 4, 5

*Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc.*,
No. 301CV2282-L, 2003 WL 298799 (N.D. Tex. Feb. 10, 2003) ....................1

*Polaris Innovations Ltd. v. Dell, Inc.*,
No. SA-16-CV-451-XR, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ....................5

*In re TikTok, Inc.*,
85 F.4th 352 (5th Cir. 2023) ....................3

[redacted]

This Court recently granted interdistrict transfer under nearly identical circumstances.[1] As in *MDT*, eCardless—represented by the same counsel—filed in the Midland-Odessa Division, despite neither party having any connections there, and where PayPal's sole connection to the Western District is its ***Austin*** office over 300 miles away. This Court determined in *MDT* that even Austin employees would have to travel 300+ miles to attend trial in Midland and granted transfer. The same is true here. Even assuming any Austin witnesses are relevant, four of the public and private interest factors favor transfer, and none favor maintaining this case in Midland-Odessa.

## I. The Court Should Deny eCardless's Request for "Alternative Relief"

In lieu of filing its own motion, eCardless improperly requests transfer to the Austin Division. However, eCardless does not articulate ***what circumstances have changed*** since it filed suit to justify its request. "[P]laintiffs, like defendants, may seek a transfer for the convenience of the parties and in the interest of justice. In order to prevail, a ***plaintiff must show that circumstances have changed since the filing of suit***."[2] eCardless's brief does not even address why Austin is now more convenient when it originally chose to file in Midland—indeed the Complaint lists 42 individuals ***in Austin***—and its request should be denied for this reason alone.

Nor is it more efficient for the Court to keep this case. *Fintiv*—which has been stayed since July—does not involve the same products.[3] And the Court has yet to hold the *Markman* hearing or rule on PayPal's Motion to Dismiss. Further, discovery is in its infancy: eCardless has produced a grand total of ***29 documents***, and its "amended disclosures and deposition notices," served just ***one day*** before eCardless filed its Opposition, relate only to the employees ***raised in that brief***. Exs. A at 3, B. There is no judicial efficiency gained by denying transfer.

---

[1] *Mobile Data Technologies, LLC v. Meta Platforms*, 2023 WL 9051280 ("*MDT*").

[2] *Moto Photo, Inc. v. K.J. Broadhurst Enterprises, Inc.*, 2003 WL 298799, at *3 (N.D. Tex. Feb. 10, 2003); *Bobosky v. Adidas AG*, 2010 WL 4853295, at *6 (D. Or. Oct. 8, 2010) (same).

[3] *Fintiv v. PayPal Holdings*, 6:22-cv-00288, Dkt. 42 at 1 (accusing "Add-Cash in-store").

[redacted]

## II. Four Public- and Private-Interest Factors Favor Transfer

**<u>The cost and convenience of willing witnesses strongly favors transfer</u>.** Critically, as in *MDT*,[4] ***every*** PayPal employee eCardless claims is relevant is located in Austin and will have to travel over 300 miles to Midland for trial. It will be more convenient for these potential witnesses—even assuming they are relevant[5]—to attend trial in San Jose than in Midland.[6] eCardless does not dispute the relevance of any of PayPal's witnesses. eCardless complains that [redacted] is relevant to only ***parts*** of the '862 family: the limitations directed to information passed between customers, merchants, or PayPal. But these limitations are the very point of novelty of the patents.[7] eCardless incorrectly claims [redacted] works "on ***other*** [redacted]" (Opp. at 11), when in fact [redacted] "works on [redacted]," which eCardless accuses of infringement. Dkt. 39-1 ¶ 22. Furthermore, eCardless ignores the six current and one

---

[4] *MDT* at *2 ("Notably, all the potential witnesses identified by MDT will have to travel well over 100 miles to reach the courthouse in the Midland-Odessa Division—even those within this District. ***As such the Court finds this factor favors transfer.***").

[5] eCardless submits an 11-page declaration from its attorney Erick Robinson that states [redacted] As in *MDT*, this declaration is a blatant circumvention of the Court's page limits, contains [redacted] and should be stricken. *Cf. In re Apple*, 2022 WL 1196768, at *2 (Fed. Cir. Apr. 22, 2022) (finding error to rely on [redacted] *n re Google*, 2021 WL4427899, at *7 (Fed. Cir. Sept. 27, 2021) ( [redacted] Mr. Robinson [redacted]

[6] There is a single one-way evening flight from Austin to Midland, and no direct evening flights returning. Dkt. 39-17; Ex. C. Attending trial requires at least one overnight stay in Midland, where, unlike San Jose, there is no PayPal office at which these witnesses may work. Mot. at 8–9, n.4.

[7] Dkt. 40-2 at 17–18 ("The common subject matter involves the concept of leaving the merchant without and an account number and missing some of the order information needed to complete the sale.") *See also* Dkt. 57-8 at 2 ("[i]nvention protects customer's account information… Merchant submits unique ID to bank to complete transaction. Merchant receives part of information from customer and part of the information from bank (e.g. shipping address).").

[redacted]

former member of [redacted] team located in China.[8] For PayPal's remaining witnesses, eCardless only complains that PayPal did not produce materials supporting their relevance. Opp. at 11. This is both incorrect[9] and a red herring: eCardless did not depose ***any*** of the identified witnesses; in fact, it canceled [redacted] deposition last minute, only to re-notice [redacted] a day before filing its opposition. Exs. B, E. eCardless also does not address the burden on ***its own witnesses***, incorrectly stating that "Plaintiffs' witnesses and sources of proof are neutral" because none are in either forum. Opp. at 7, n.10. But the test is the ***distance and time traveled*** for each forum. eCardless's witnesses are in Arizona, Nevada, and Washington; all are closer to San Jose than Midland.[10]

All told, PayPal identified ***16*** relevant PayPal employees[11] and ***5*** eCardless witnesses for which San Jose is clearly more convenient than Midland. By contrast, eCardless has identified *7* PayPal witnesses ***in Austin***. Even if, *arguendo*, the Court were to strike the Krantz declaration, disregard ***every*** witness PayPal identified, and determine each PayPal witness eCardless identified in Austin is relevant, ***it is still undisputedly more convenient*** for both parties' witnesses to attend trial in San Jose than Midland-Odessa. The "most important" factor is firmly in favor of transfer.

**The availability of compulsory process favors transfer.** At least three parties with relevant knowledge are within the subpoena power of California courts. Former PayPal employees [redacted][2] and [redacted], and [redacted],[13] reside

---

[8] Ex. D at 12. It is "indisputable" that NDCA is clearly more convenient for witnesses located in China than WDTX. *In re TikTok, Inc.*, 85 F.4th 352, 361–62 (5th Cir. 2023).

[9] eCardless ignores both the Krantz declaration and PayPal's venue interrogatory responses.

[10] [redacted] reside in AZ and NV, respectively. Ex. F, 16:7–17:24, 51:8–11 and 45:3–7.

[11] 8 reside in the San Francisco Bay Area, 1 resides in Israel, 1 resides in IL, 6 reside in China.

[12] [redacted] Ex. G [redacted] Further searches of archived PayPal emails revealed that [redacted] Ex. H. [redacted] LinkedIn lists San Mateo as [redacted] location. Ex. I.

[13] PayPal's 30(b)(6) representative testified that [redacted] Ex. J [redacted] PayPal charted [redacted] patent application publication in its invalidity contentions. Ex. K.

[redacted]

in Northern California. Mr. Robinson [redacted] As discussed above, the Court should strike Mr. Robinson's declaration. And eCardless has not [redacted]. Even assuming the Court credits Mr. Robinson's declaration, this factor is at best neutral, with three witnesses each.

**Access to sources of proof favors transfer.** eCardless contends this factor is neutral. But eCardless fails to address document *custodians*. Each of the California employees identified by PayPal is a document custodian, which weighs in favor transfer.[14] eCardless also grossly misrepresents [redacted] testimony regarding source code—he testified only [redacted][15] Yet when PayPal's 30(b)(6) witness testified [redacted][16] When properly considering the location of document *custodians*, this factor favors transfer.

**Local interest favors transfer.** The situation here is identical to that in *MDT*—both parties have ***zero connection*** to the Midland-Odessa Division. Similarly, the only connection that PayPal has to this District is its Austin campus, and "the Court cannot ignore the fact that those employees are over 300 miles away from the Midland-Odessa Division." *MDT* at *3. eCardless attempts to use the total number of PayPal employees in Austin as justification that there is a local interest here. But that is not the test. And if it were, San Jose has the greater local interest—[redacted][17] eCardless also admitted it is not

[14] *MDT* at *2. ("[T]his factor favors transfer. NDCA is the location of document custodians and where documents are created and maintained." (citing *In re Google*, 2021 WL 5292267 at *2)).
[15] *Cf.* Opp. at 14 and Ex. L [redacted] at 67:20–68:7.
[16] Ex. J [redacted]
[17] Dkt. 39-1, ¶ 3; [redacted]).

[redacted]

aware of any acts of infringement, or merchants that use PayPal in Midland.[18] Ultimately, eCardless can offer no explanation for why this litigation, based over 300 miles away from the closest PayPal office, is a local interest in Midland.[19]

**Court congestion is neutral.** As this Court stated in *MDT*, "[t]he Federal Circuit recently concluded that this factor should not weigh against transfer when the plaintiff 'is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution.'"[20] *Planned Parenthood* did not alter this principle. eCardless is not a competitor with PayPal, makes no products, and does not argue it is threatened in the market or product competition with PayPal. And when considering the time to trial in San Jose patent cases, the difference is negligible.[21] This factor should be given no weight.

**PayPal's motion is timely.** As discussed in PayPal's opposition to eCardless's motion to strike, PayPal's motion is at most 28 days past the deadline that eCardless contends applied. Dkt. 45, at 5. And eCardless still cannot articulate how it has been prejudiced by this purported delay beyond moving the *Markman*, but ***eCardless itself*** has requested continuing the hearing.[22] eCardless ignores that it named dozens of irrelevant employees in its Complaint that PayPal was forced to interview, focusing on a one-month gap in May-June between engineer interviews. Opp. at 2. But this merely reflects the realities of vacations and scheduling with international employees.

The Court should grant PayPal's motion.

---

[18] Ex. F (Newman) at 60:12–25.

[19] *See Polaris Innovations Ltd. v. Dell, Inc.*, No. 2016 WL 7077069, at *11 ("Dell's main presence in the Western District of Texas is … in the Austin metropolitan area, not in San Antonio. NVIDIA's Texas presence is in Austin. Polaris has provided no explanation for why a lawsuit based in a different city nearly 80 miles away is a local controversy in San Antonio.").

[20] *MDT* at *3 (citing *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023)).

[21] *Compare* Ex. N (2 years, 80 days); O (2 years, 55 days), P (2 years, 48 days).

[22] eCardless requested the hearing be delayed by an additional 20 days. Exs. Q, R, S, Dkt. 70.

[redacted]

Dated: February 2, 2024

Respectfully submitted,

By: */s/ Robert N. Kang*

Barry K. Shelton
TX State Bar No. 24055029
BShelton@winston.com
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Robert N. Kang
CA State Bar No. 274389
RKang@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Nimalka R. Wickramasekera
CA State Bar No. 268518
Admitted *Pro Hac Vice*
NWickramasekera@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

**ATTORNEYS FOR DEFENDANT PAYPAL, INC.**

[redacted]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served by email on all counsel of record on February 2, 2024.

*/s/ Robert N. Kang*
Robert N. Kang