# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **ECARDLESS BANCORP, LTD.,** § | | |
| *Plaintiff,* § | | |
| § | | **7:22-CV-00245-ADA-DTG** |
| v. § | | |
| § | | **FILED UNDER SEAL** |
| **PAYPAL, INC.,** § | | |
| *Defendant.* § | | |
| § | | |

### ORDER GRANTING PAYPAL'S MOTION TO TRANSFER VENUE [ECF No. 39], DENYING PLAINTIFF'S MOTION TO STRIKE [ECF No. 41], GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY [ECF No. 79]

Before the Court is a motion, filed September 1, 2023, by Defendant PayPal, Inc., ("Defendant") to transfer this suit to the U.S. District Court for the Northern District of California for convenience under 28 U.S.C § 1404. ECF No. 39.[1] Plaintiff eCardless Bancorp, Ltd. ("Plaintiff") filed its opposition on January 12, 2024. ECF No. 74. Defendant filed a reply on February 2, 2024. ECF No. 77. Plaintiff filed a sur-reply on October 24, 2023. ECF No. 79. The Court considered the arguments presented and finds that the motion to transfer (ECF No. 39) should be **GRANTED**. Finding it well-taken and worth granting, the Court will not strike Defendant's motion, and thus, it **DENIES** Plaintiff's Motion to Strike. (ECF No. 41). Plaintiff's sur-reply brief has also been considered by the Court, and it hereby **GRANTS** Plaintiff's Motion for Leave to File it. (ECF No. 79).

### I.     FACTUAL BACKGROUND

Plaintiff filed this suit in the Midland/Odessa Division of the U.S. District Court for the

---

[1] Plaintiff challenged the basis of Defendant's transfer motion by filing a motion to strike Defendant's transfer motion on September 6, 2023. ECF No. 41. Defendant replied to the motion to strike on September 13, 2023. ECF No. 45. Plaintiff filed a reply on September 19, 2023. ECF No. 50.

Western District of Texas on November 23, 2022. Plaintiff alleges that Defendant infringes four United States patents that generally pertain to communicating between a bank and customer computer or performing location-based bank transaction authorizations. Plaintiff further alleges that it is a Washington corporation with its principal place of business in Spokane, Washington, and that Defendant is a Delaware corporation with regular and established places of business in the Austin Division. ECF No. 1 ¶¶ 2, 3.

Defendant's motion challenges the convenience of the current venue. Defendant contends that its headquarters is in San Jose, California—in NDCA. ECF 39 at 3. Defendant concedes that while it has operations in Austin, Texas, it contends that those operations are over 300 miles away from the Midland Division where the case is pending. *Id.* at 8 (citing ECF No. 39-20 (Ex. R)).

## II.  LEGAL STANDARD

The change of venue statute provides a district court authority to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The analysis entails private factors: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive;" and public factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

### III.    ANALYSIS

Neither party disputes the threshold inquiry of whether this suit might have been brought in NDCA, 28 U.S.C. § 1404(a). So, the Court moves to an analysis of the private and public interest factors.

The Court first addresses Plaintiff's request to strike Defendant's transfer motion. Plaintiff contends that Defendant's Motion was untimely and references the Waco Division's Standing Order Governing Proceedings (OGP) in Patent Cases. That order was not entered in this case until after Defendant's Motion was filed. *Compare* ECF No. 39 *with* ECF Notice dated Jan. 23, 2024 (applying the OGP to this case). As no deadline applied when Defendant's Motion was filed, it was not untimely under these circumstances.

The first private factor considers the "relative ease of access [to sources of proof], not absolute ease of access." *In re TikTok, Inc.*, 85 F.4th 352, 359 (5th Cir. 2023). After reviewing the evidence and arguments of counsel, the Court notes that Defendant's headquarters and 4,000 employees are in NDCA, along with seven key witnesses who are document creators and custodians. ECF No. 39 at 13–14.

The second private factor focuses on non-party witnesses whose attendance may need to be secured by a court order. *Fintiv Inc. v. Apple, Inc.*, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019). Defendant has identified two highly relevant third-party companies located in NDCA and Austin, Texas. ECF No. 39 at 7. The Court is persuaded that NDCA's subpoena power over the NDCA offices is favors transfer because a subpoena for an Austin company to appear in Midland—over 300 miles away—could be subject to a motion to quash. *See* Fed. R. Civ. P. 45(c)(1)(B)(ii). Each party also identifies three former employees in their preferred venue— NDCA for Defendant and WDTX for Plaintiff. ECF No. 77 at 3–4; ECF No. 74 at 12–13.

Considering all the evidence, the Court is persuaded that this factor favors transfer.

The third private factor, convenience for willing witnesses, considers if the distance between a current venue and a proposed venue is more than 100 miles, inconvenience to willing witnesses increases in direct relationship to additional distance they must travel if the case is transferred. *Volkswagen II*, 545 F.3d at 317; *TikTok*, 85 F.4th at 361. Defendant identified several relevant employees, seven of whom were within 100 miles of the NDCA courthouse in San Francisco. ECF No. 39 at 1, 3-4, 8. While Plaintiff identified witnesses in WDTX, it was unable to identify any willing witnesses within 100 miles of the Midland courthouse. *See* ECF No. 74 at 8–11 & n.13–17. The Court finds this factor favors transfer.

Many of the factors are not disputed by the parties who either do not address them or acknowledge they are neutral. These are the fourth private interest factor (practical problems), third (familiarity with the law), and fourth (avoidance of conflicts of law) public interest factors. *See* ECF No. 39 at 14-15; ECF No. 52 at 22. The Court accordingly considers them neutral.

Shifting to the first disputed public factor, the court considers congestion—"[t]he speed with which a case can come to trial and be resolved." *In re Genentech*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). The Federal Circuit recently cautioned against giving this factor any weight when the parties are not competitors. *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023) (finding a clear abuse of discretion to weigh this factor against transfer when the plaintiff was "not engaged in product competition."). Plaintiff does not argue it is threatened in the market or product competition. ECF No. 52 at 22. Thus, the Court gives this factor no weight.

Shifting to the first disputed public interest factor, the second public interest factor evaluates whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Defendant demonstrated that the design and development of the PayPal Checkout

and the PayPal risk platform occurred in NDCA where it is headquartered and has over 4,000 permanent employees. ECF No. 39 at 3, 14. Plaintiff has no connection to this district, but presented evidence that Defendant also has 1,022 individuals in this District and Texas—a majority of whom are over 300 miles away from the Midland Division. ECF No. 74 at 14–15; ECF No. 39 at 8; ECF No. 39-20. The Court finds that this factor favors transfer. *See Mobile Data Techs. LLC v. Meta Platforms, Inc.*, No. 22-cv-244, 2023 WL 9051280, at *3 (W.D. Tex. Dec. 18, 2023) (finding this factor favors transfer and granting transfer on similar facts).

Plaintiff makes an alternative request that the Court transfer this case to the Austin Division rather than NDCA. ECF No. 74 at 1 & n.3. The Court notes that Plaintiff filed this suit in the Midland/Odessa Division and did not affirmatively seek transfer like the plaintiff in *Haynes*. *Haynes v. Turner Bass & Assocs.*, No. 19-cv-766, 2020 WL 10353894, at *3 (E.D. Tex. Apr. 9, 2020) (granting transfer at the request of a *pro se* plaintiff who agreed that Tyler would be more convenient for her and for the defendants, which included Smith County and the City of Tyler). Additionally, neither party specifically briefed a comparison of the Austin Division, and the Court is not persuaded that it would make a difference under these facts. The Court denies this alternative request.

6

## IV. CONCLUSION

When considering the factors, the Court finds that Defendant carried its burden of proving the Northern District of California is a more convenient venue. For that and the foregoing reasons, it is the **ORDER** of this Court that Plaintiff's Motion to Strike (ECF No. 41) is **DENIED,** Plaintiff's Motion for Leave to File a Sur-Reply is **GRANTED** (ECF No. 79), and Defendant's Motion to Transfer (ECF No. 39) is **GRANTED** and this case is **ORDERED** to be **TRANSFERRED** to the U.S. District Court for the Northern District of California.

SIGNED this 15th day of February, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE