IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **ECARDLESS BANCORP, LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**PAYPAL, INC.,**<br><br>Defendant. | Civil Action No. 7:22-cv-00245-ADA-DTG<br><br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

**PLAINTIFF ECARDLESS BANCORP LTD'S OPPOSED MOTION TO STRIKE OR IN THE ALTERNATIVE TO FILE A SUR-REPLY REGARDING DEFENDANTS MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Plaintiff eCardless Bancorp Ltd. ("Plaintiff" or "eCardless") moves the Court to strike or otherwise disregard portions of PayPal, Inc.'s Reply in Support of Transfer [Dkt. 77] which raise new facts and arguments for the first time. In the alternative, eCardless requests leave to file the attached Sur-Reply. The proposed Sur-Reply, along with Exhibits, are attached as Exhibit 1 to this motion. Defendant has indicated that it opposes both avenues of relief sought by this motion in an email dated February 8, 2024.

    **I.**    **PayPal's Arguments are New and Should be Struck or Disregarded**

PayPal compounds the unfairness of its untimely motion to transfer venue (filed after the deadline imposed by the OGP under any possible interpretation), by larding nearly every corner of its Reply with new facts and new arguments not found anywhere in the opening motion. Raising new facts and argument in a reply is improper, and this Court routinely strikes such facts and argument from the record.). *Speir Techs. Ltd. v. Apple Inc.*, 2022 WL 17945398, at *5 (W.D. Tex. Dec. 15, 2022) (striking prior art witnesses identified for the first time in reply). But here, it is especially prejudicial. In its opening motion, PayPal argued that its untimely motion to transfer

1

should be excused because it "diligently" investigated but "belatedly" discovered that venue would be more convenient in NDCA.  It is entirely inequitable to simultaneously demand the Court's indulgence for a dilatory investigation, and then spend the majority of a Reply arguing sandbagged, newly raised issues.   Moreover, these new witnesses are *not* identified on PayPal's most recent Rule 26 disclosures on January 11, 2024, and the Federal Rules of Civil Procedure are clear that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), <u>the party is not allowed to use that information or witness</u> **to supply evidence on a motion**, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1).[1]

First, PayPal identifies in its Reply for the first that it has six (6) *un-named* China-based *party* witnesses who weigh in favor of transfer who purportedly have some role in the general development of its source code. PayPal did not provide *any* mention of these China-based witnesses in its Motion to Transfer, supporting declaration, during deposition of its corporate representative, **or in its Rule 26 disclosures**. *See generally* Dkt. 74-12, 14, 29.  That is despite the fact that these six unnamed individuals are its own employees. PayPal introduces these facts along with its argument based on *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023) that because these un-named witnesses allegedly have some role with the source code—and PayPal does not argue that these individuals have an *exclusive* role to the source code at issue in the proceeding— this weighs against transfer.[2]  As party witnesses, if PayPal truly believed these *unnamed* individuals were

---

[2] The Fifth Circuit handed down *In re Tik Tok* on October 31, 2023.  On November 17, 2023, two weeks after the decision, Defendants filed supplemental objections and responses to Plaintiff's Interrogatories, where they made a passing reference that certain (un-named and completely unidentified) individuals who developed the source code were located in China.  Defendants never turned over any documents regarding authorship of the source code or any other materials about these six, un-named coders.

important, non-cumulative trial witnesses, it was obligated to identify them in its opening briefing in September 2023, as well as at least in its Rule 26 disclosures. PayPal's omissions are telling.

Additionally, PayPal injects ■■■, ■■■, and ■■■ as third-party witnesses for the first time in reply to argue compulsory process is neutral. *See* Dkt. 39 at 7 (mentioning **_only_** Google and Apple as potential third-party witnesses).

For ■■■ an alleged prior artist, the identification of ■ as a *compulsory process trial witness* for the first time in the Reply falls squarely within this Court's decision in *Speir Techs. Ltd. v. Apple Inc.*, 2022 WL 17945398, at *5 (W.D. Tex. Dec. 15, 2022). PayPal argues that even though there is *no* mention of ■■■ in its opening motion, venue discovery responses, **Rule 26 disclosures**, or venue declaration, the inclusion of the alleged ■■■ reference in its invalidity production somehow makes it fair game. Not so—it actually urges the opposite given that PayPal's invalidity contentions mentioning ■■ were served *months prior to* PayPal's (untimely) filing of its untimely opening motion. ■■ should be disregarded.

As to ■■■, a former employee who had email communications with ■■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■, PayPal had this information ■■■ (the date of the email). That PayPal sandbagged Plaintiff on this is plain—PayPal produced the email and material *from* its own records **on January 26, 2024**— well after the close of venue discovery, and *after* Plaintiff filed its responsive venue briefing.

Indeed, neither ■■■ nor ■■■ were mentioned in PayPal's Motion to Transfer, Rachel Krantz's declaration, or even PayPal's **Rule 26 disclosures** (which were served *prior to* Plaintiff's responsive venue briefing). See generally Dkt. 74-12, 14, 29. Because these witnesses are being introduced for the first time in PayPal's Reply, whereas PayPal had the opportunity to

3

raise these issues in its opening motion, but chose not to for plainly strategic reasons, the appropriate action is to strike or disregard PayPal's new "witnesses" and arguments.

Beyond these new factual arguments, PayPal also introduces a new legal argument that sending this matter to the Austin division, is not within the power of the Court (notwithstanding the fact that this Court has many times transferred cases to the Austin division while keeping the docket with Judge Albright), citing to *Mobile Data Technologies, LLC v. Meta Platforms,* 2023 WL 9051290 ("MDT"). PayPal also introduces new caselaw – *Moto Photo, Inc v. K.J. Broadhurst Enterprises, Inc.*, 2003 WL 298799, at *3 (N.D. Tex. Feb. 10, 2003) and *Bobosky v. Adidas AG*, 2010 WL 4853295, at *6 (D. Or. Oct. 2010) – to argue against eCardless's request for alternate relief. PayPal's inclusion of this new argument is improper. While PayPal contends that it could not have anticipated eCardless's request for alternative relief to transfer to the Austin division in its opening motion, its contention is without merit. On Friday September 1, 2023, (the day before the Labor Day weekend) PayPal first notified Plaintiff that it would file its untimely Motion to Transfer. In response, undersigned counsel requested a meet and confer regarding the issue which Defendants' *refused to participate.* But Plaintiff's counsel wrote that a meet and confer was necessary since:

> Alternatively, Paypal has a very large presence *in Austin*, and there are multiple non-stop flights from San Francisco *to Austin*, as well as San Jose *to Austin*, and even a non-stop from Oakland *to Austin*. We also have the possibility to stipulating to trial before Magistrate Gilliland. I am not making you a specific offer or saying any one or more of these possibilities are per se acceptable, but rather only illustrating for you that there are a number of things to discuss so that reasonable people could reach a reasonable compromise.

Ex. 4.

PayPal was apprised of eCardless's proposed alternative of transferring to the Austin division *prior to* filing its opening motion, and therefore could have addressed it in its motion. But instead, PayPal made a strategic choice to shirk the meet and confer process and file its untimely

4

motion "as is" without considering Austin as an alternative venue, even though eCardless attempted to confer concerning this alternative before PayPal's filing of its motion. The Court should disregard PayPal's attempt to paper over its prior representations in the *Fintiv* case that the Austin division is a per se convenient forum to litigate patent disputes over these Accused Products.

## II. In the Alternative, Leave Should be Granted to File the Attached Sur-Reply

If the Court is unwilling to strike or disregard these new arguments, a sur-reply is appropriate. *Sidbury v. Dun & Bradstreet Emerging Businesses Corp.*, 2020 WL 2020 WL 10758104 *1 (W.D. Tex. 2020) (New evidence in the reply is a basis for a sur-reply). Whether to permit a sur-reply (or strike) is within the Court's discretion. This Court has previously granted leave to file sur-replies. *See, e.g., Fleet Connection Services LLC v. Precision Drilling Corporation*, 2022 WL 2373711, *1 (W.D. Tex. 2022) (Judge Albright granted motion for leave to file sur-reply in declaratory judgment patent matter on motion to stay parallel customer suit). The Court's OGP has incorporated sur-replies as a regular part of claim construction briefing. OGP 4.3, p. 8. Frequently, parties simply agree on filing sur-replies when new evidence is introduced in a reply brief. *See, e.g.*, *Mobile Data Technologies LLC v. Meta Platforms, Inc.*, 2023 WL 9051280, *2 n.3 (W.D. Tex. 2023). Despite the new "evidence", exhibits, and arguments in its Reply; however, PayPal would not agree to eCardless filing of a short sur-reply limited to the new issues.

eCardless's proposed filing is attached as Exhibit 1.

## III. CONCLUSION

Plaintiff asks that Defendant's Reply be stricken, and Defendant be required to re-file it's Reply removing the newly-alleged witnesses, caselaw, and Exhibits C, D, F, H, and I. In the alternative, Plaintiff respectfully requests leave to file its Sur-Reply attached as Exhibit 1.

Date:  February 9, 2024                          Respectfully submitted,

/s/  Erick S. Robinson
**SPENCER FANE LLP**
Erick S. Robinson, Lead Counsel
Texas Bar No. 24039142
Patrick M. Dunn
Texas Bar No. 24125214
816 Congress Avenue, Suite 1200
Austin, TX 78701
Telephone: (512) 840-4550
Fax: (512) 840-4551
erobinson@spencerfane.com
pdunn@spencerfane.com

Danielle J. Healey
Texas Bar No. 9327980
Brian Medich (Admitted W.D. Tex.)
D.C. Bar No. 1671486
Brian G. Strand
Texas Bar No. 24081166
Jayme Partridge (Admitted *Pro Hac Vice*)
3040 Post Oak Blvd, Suite 1300
Houston, TX 77056
Telephone: (713) 212-2676
Fax: (713) 963-0859
dhealey@spencerfane.com
bmedich@spencerfane.com
bstrand@spencerfane.com
jpartridge@spencerfane.com

Kevin S. Tuttle (Admitted W.D. Tex.)
Missouri Bar No. 53920
Brian T. Bear (Admitted *Pro Hac Vice*)
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216
ktuttle@spencerfane.com
bbear@spencerfane.com

**COTTON BLEDSOE TIGHE & DAWSON, PC**
David. W. Lauritzen
Texas Bar No. 00796934
dlauritzen@cbtd.com

6

Bradley H. Bains
Texas Bar No. 01553980
bbains@cbtd.com
Midland, TX 79701
Telephone: (432) 897-1440
Fax: (432) 682-3672

***Attorneys for Plaintiff eCardless Bancorp, Ltd.***

## CERTIFICATE OF CONFERENCE

I hereby certify that, on Monday, February 5, 2024, Plaintiff sent an email indicating its intent to file the instant motion. On Thursday, February 8, 2024, Defendant responded indicating their opposition to this motion.

*/s/ Erick S. Robinson*
Erick S. Robinson

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the clerk of this Court and was served on the 9th day of February 2024 via email with a download link on all attorneys of record:

- Barry Kenneth Shelton at bshelton@winston.com
- Devin P. Garrity at dgarrity@winston.com
- Robert Nai-Shu Kang at rkang@winston.com
- Nimalka R. Wickramasekera at nwickramasekera@winston.com

*/s/ Erick S. Robinson*
Erick S. Robinson

HOU 5435676.3