# EXHIBIT 1

██████████████████

**PUBLIC VERSION**

i

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **ECARDLESS BANCORP, LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**PAYPAL, INC.,**<br><br>Defendant. | Civil Action No. 7:22-cv-00245-ADA-DTG<br><br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

**PLAINTIFF ECARDLESS BANCORP, LTD.'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bobosky v. Adidas AG*,
    2010 WL 4853295 (D. Or. Oct. 2010) ...................................................................................... 1

*Def. Distributed v. Bruck*,
    30 F. 4th 414 (5th Cir. 2022) ................................................................................................... 5

*Haynes v. Turner Bass & Assocs.*,
    2020 WL 10353894 (E.D. Tex. Apr. 9, 2020) .......................................................................... 1

*Mobile Data Technologies, LLC v. Meta Platforms*,
    2023 WL 9051280 (W.D. Tex. Dec. 18, 2023) ........................................................................ 1

*Moto Photo, Inc v. K.J. Broadhurst Enterprises, Inc.*,
    2003 WL 298799 (N.D. Tex. Feb. 10, 2003) ........................................................................... 1

HOU 5435757.6

PayPal devotes none of its reply arguing against key points of substance in eCardless's Opposition—e.g., that Ms. Krantz's declaration should be struck or disregarded, and that even under the "friendliest" reading of the OGP, it missed the deadline to file its motion. Dkt. 41, 50; *see also* OGP 4.4. Instead, PayPal **improperly injects alleged new witnesses** in an effort to circumvent the WDTX focus of this case. PayPal has failed to meet its burden, from the four corners of its original motion and untimely investigation. The motion must be denied.

**eCardless's Alternative Relief is proper.** eCardless has a clear and unequivocal right under 1404(a) to request transfer to another division. *Haynes v. Turner Bass & Assocs.*, 2020 WL 10353894, at *1, n.2 (E.D. Tex. Apr. 9, 2020). Neither *Moto Photo, Inc v. K.J. Broadhurst Enterprises, Inc.,* 2003 WL 298799, at *3 (N.D. Tex. Feb. 10, 2003*) or *Bobosky v. Adidas AG,* 2010 WL 4853295, at *6 (D. Or. Oct. 2010) deal with the present situation—where a Defendant affirmatively moves to transfer venue out the District, and the Plaintiff presents an alternative relief request in response. Similarly, the Court did not expressly consider any alternative request for intra-division transfer as part of *Mobile Data Technologies, LLC v. Meta Platforms*, 2023 WL 9051280 (W.D. Tex. Dec. 18, 2023)—a point pending reconsideration by the District Court Judge.

eCardless twice offered PayPal transfer to the Austin division because discovery revealed Austin to be home to knowledgeable witnesses, and PayPal could host out-of-state employees in its Austin headquarters for trial – the same logic used by PayPal when it filed for intra-district transfer in *Fintiv* with the **same** accused functionalities. Dkt. 74-12 at 2-3, 13. Contrary to Defendants' request, neither the *Markman* (in three weeks) nor the Court's ability to rule on PayPal's Motion to Dismiss are affected by intra-district transfer to the Austin division *for the purposes of trial*.

1

**Willing witnesses weighs against transfer.** In its Reply, PayPal argues that it identified 16 PayPal employees that would find it more convenient to testify in NDCA. Dkt. 77 at 3. Not so. In its Motion, PayPal only identified ███████████████████████████████ ██████████████████████████ and ██████ (seven employees) as willing witnesses located in San Jose, CA. Dkt. 74-12 at 2-3. Critically, ████████ and ██████████████ are on the *same team working on the same functionalities* as ████████, and ████████ *is the leader of the team*. *Id*. PayPal also lists ████████ and ████████ – located in Chicago and Tel Aviv, respectively. *Id*. ████████ is on the *same team working on the same functionalities* as ████████ and ████████ *is the leader of the team*. *Id*. PayPal commits a similar mistake with ████████ – noting that █ and ████████ have *the same exact title* and *work on the same exact features*. *Id*. Therefore, PayPal only lists <u>five (5)</u> **total** witnesses with non-cumulative knowledge.[1]

PayPal improperly introduces six (6) newly alleged, but un-named Chinese party witnesses in its Reply. PayPal does not affirmatively state whether the six individuals are the *sole* programmers for the Accused Code—or that they were even responsible for the actual accused portions of the code. Moreover, as of January 24, 2024, counsel for PayPal had stated that they had not even located the Accused Code at issue, undercutting any notion that they know who the authors of the code actual are, and whether these six witnesses—out of a company of thousands—are *solely* or even *partially* responsible for the code at issue in this proceeding. *See* Ex. 3, Ex. 6.

Despite providing zero factual details—including names—for these individuals, PayPal lambast Plaintiff for relying on detailed LinkedIn statements setting forth the important, unique, and non-cumulative knowledge for all seven (7) Texas-based witnesses. First, these statements

---

[1] In fact, PayPal lists ████████ in its Rule 26 disclosures but fails to mention █ in the transfer analysis. PayPal's omission is telling. ████████ resides in Washington, DC. It would be more convenient for ████████ to attend trial in WDTX than NDCA. Ex. 5.

exceed the detail of Krantz's declaration and the factual detail of the new witnesses in PayPal's Reply—even though it bears the burden of proving its motion. Tellingly, PayPal has refused to produce the witnesses citing the Apex rule (as opposed to relevance), but when pressed, PayPal could not identify any other individuals with the same or similar knowledge who are not purportedly "Apex." Ex. 2. PayPal's *conduct* with respect to these witnesses demonstrates that Plaintiff's identification was correct. The willing witness factor weighs against transfer.[2]

**Compulsory process weighs against transfer.** PayPal improperly *alleges additional third-party witnesses* in its Reply. Dkt. 77 at 3-4. In its Motion, PayPal only named Apple and Google, generally, as potential third parties.[3] PayPal now adds ▆▆▆▆▆, ▆▆▆▆▆, and ▆▆▆▆▆ to argue this factor is neutral. Swapping in third party witnesses in a Reply is facially improper and should be struck as a matter of law.

▆▆▆▆▆ was a prior member of the team that ▆▆▆▆▆ currently leads, *working on the same functionalities*. Dkt. 74-2 at 3. PayPal fails to provide any evidence of how ▆▆▆▆▆ testimony would differ from ▆▆▆▆▆. *Id*. ▆▆▆▆▆ is facially cumulative.

▆▆▆▆▆ and ▆▆▆▆▆ are not listed in PayPal's Motion to Transfer, Rachel Krantz's declaration, nor in PayPal's Rule 26 disclosures. *See generally* Dkt. 74-12, 14, 29. For ▆▆▆▆▆, documents produced by PayPal *after venue discovery closed* show ▆▆▆▆▆ ▆▆▆▆▆. PayPal had the opportunity to list ▆▆▆▆▆ in its Motion but chose not to. Further, at deposition, Rachel Krantz did not list ▆▆▆▆▆ when asked about third-party witnesses. Dkt. 74-3 at 95:2-17 (only naming Apple, Google, and potentially ▆▆▆▆▆). Regardless, it is not clear why ▆▆▆▆▆ testimony is needed—the ▆▆▆▆▆ email establishes

---

[2] Plaintiff's witnesses are neutral. None of its party-affiliated witnesses are located in either forum.
[3] PayPal acknowledged Google's and Apple's Austin offices as within the subpoena power of WDTX in *Fintiv*. Dkt. 74-12 at 1,14.

3

the narrow fact on face—t███████████████████████████████████████. ███████████████████████████████████████████████████████████████████████████████████. There is no need for ██████ testimony, which is bolstered by the fact PayPal has *not* issued a subpoena for ██████ or listed ██ on their Rule 26 disclosures. Moreover, eCardless, at this juncture, intends to demonstrate ████████████████████████████████████████████████████████████████ resides in Florida and is not subject to process in either forum.[4]

For ██████ PayPal cannot plead that "chart[ing] ███████ patent application publication in its invalidity contentions" enables it to swap in ███████ in a Reply brief when ██ ███ was never even mentioned in the Motion to Transfer, Rachel Krantz declaration, or Rule 26 disclosures. *See generally* Dkt. 74-12, 14, 29. Moreover, PayPal does not identify what testimony it needs from ██████ that is not spelled out in his public patent application, or that even his entire reference is "critical" (or even important) to the purported §103 theory that they set forth as opposed to the other references mentioned.

**Sources of proof weigh against transfer.** Conceding that its documents and source code are equally accessible in both forums,[5] PayPal shifts focus to the location of document custodians. PayPal's argument is misleading. As recently as January 24, 2024 (four days prior to submitting its Reply), PayPal affirmatively represented that it was unable to make a document production in compliance with eCardless's Fact Discovery requests because it was still searching for financial/technical documents as well as source code. Bear Decl. ¶¶1-3; Ex. 6 (3 day chart from

---

[4] ██████ is in Plaintiff's Rule 26 disclosures and Plaintiff issued a subpoena directed to him.
[5] Ms. Krantz testified that there are rules for accessing source code, however, none of those rules prevent equal access to source code and documents in both districts. Dkt. 74-3 at 96:3-21.

4

today where PayPal admits it has not located source code). This calls into question the veracity of any purported "investigation" or representation related to sources of proof – including "the location of document custodians." PayPal provides no evidence that "[e]ach of the California employees identified by PayPal is a document custodian,"[6] but, if that logic were to hold true, each Texas witness put forth by eCardless is also a document custodian.[7] As mentioned above, eCardless's seven unique, non-cumulative witnesses in WDTX outweigh PayPal's five unique, non-cumulative witnesses located in NDCA. At worst, this factor is neutral.

**The local interest weighs against transfer.** PayPal attempts to extend the MDT decision by comparing the entire Northern ***District*** of California to the Midland-Odessa ***Division*** of the Western District of Texas for purposes of Local Interest. On that particular point, the Court has held this practice improper for purposes of local interest. *Sable Networks v. Cloudfare*, W-21-CV-00261-ADA-DTG, Dkt. 118 at *4. (rejecting the argument specifically for local interest).

PayPal has had a substantial, continuous presence in WDTX since at least 2007. Again, *Fintiv* involved the **same** functionalities and overlapping witnesses. Critically, PayPal's refusal to produce eCardless's noticed Texas witnesses on Apex grounds of all things, demonstrates a strong local interest because the highest levels of the company are located here and not NDCA. Ex. 2.[8] The local interest weighs in favor of WDTX.

---

[6] The Court may not "uncritically" accept a defendant's "conclusory assertions" that sources of proof are in a particular forum. *Def. Distributed v. Bruck*, 30 F. 4th 414, 433 (5th Cir. 2022). Rather, "[t]he movant has the burden to establish . . . an **actual** showing of the existence of relevant sources of proof, not merely an expression that some sources likely exist…" *Id*. (emphasis added).
[7] PayPal affirmatively represented to this Court in *Fintiv* that all witnesses in Texas (including ▇▇▇▇▇▇▇▇▇▇ were document custodians. Dkt. 74-12 at 4.
[8] As PayPal argued in its motion to transfer in *Fintiv*, "Thus, some of the work supporting and maintaining the accused technology occurred in Austin, creating a connection between the [] District and the events giving rise to the suit. This case could additionally call into question the work and reputation of PayPal employees that work in the community." Dkt. 74-12 at 13.

5

Date:  February 9, 2024                              Respectfully submitted,


*/s/  Erick S. Robinson*
**SPENCER FANE LLP**
Erick S. Robinson, Lead Counsel
Texas Bar No. 24039142
Patrick M. Dunn
Texas Bar No. 24125214
816 Congress Avenue, Suite 1200
Austin, TX 78701
Telephone: (512) 840-4550
Fax: (512) 840-4551
erobinson@spencerfane.com
pdunn@spencerfane.com

Danielle J. Healey
Texas Bar No. 9327980
Brian Medich (Admitted W.D. Tex.)
D.C. Bar No. 1671486
Brian G. Strand
Texas Bar No. 24081166
Jayme Partridge (Admitted *Pro Hac Vice*)
3040 Post Oak Blvd, Suite 1300
Houston, TX 77056
Telephone: (713) 212-2676
Fax: (713) 963-0859
dhealey@spencerfane.com
bmedich@spencerfane.com
bstrand@spencerfane.com
jpartridge@spencerfane.com

Kevin S. Tuttle (Admitted W.D. Tex.)
Missouri Bar No. 53920
Brian T. Bear (Admitted *Pro Hac Vice*)
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216
ktuttle@spencerfane.com
bbear@spencerfane.com


**COTTON BLEDSOE TIGHE & DAWSON, PC**
David. W. Lauritzen
Texas Bar No. 00796934

6

dlauritzen@cbtd.com
Bradley H. Bains
Texas Bar No. 01553980
bbains@cbtd.com
Midland, TX 79701
Telephone: (432) 897-1440
Fax: (432) 682-3672

***Attorneys for Plaintiff eCardless Bancorp, Ltd.***

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed with the clerk of this Court and was served on the 9th day of February 2024 via email with a download link on all attorneys of record:

- Barry Kenneth Shelton at bshelton@winston.com
- Devin P. Garrity at dgarrity@winston.com
- Robert Nai-Shu Kang at rkang@winston.com
- Nimalka R. Wickramasekera at nwickramasekera@winston.com

*/s/ Erick S. Robinson*
Erick S. Robinson